**LOWE v. HIATT, Warden.**

No. 217.

District Court, M. D. Pennsylvania.
April 23, 1948.

**304**

Petitioner pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, who refers to himself as Rev. Richard Anderson Lowe, has filed an application for a Writ of Habeas Corpus which together with his various supplemental pleadings and communications is comprised chiefly of a great deal of useless, meaningless, redundant and unnecessary verbiage. Sifting from the chaff, what may be called wheat, we would summarize his contentions as follows:

1. The indictment charges no offense.

2. There is no valid commitment.

3. He has an appeal pending, and has elected not to serve his sentence.

4. The Probation Act, 18 U.S.C.A. § 724 et seq., is unconstitutional.

Because of the vague general allegations of the petition, and in order that no possible injustice might be done, a rule issued directing a response and any traverse thereto.

It now appears that petitioner was indicted on March 27, 1945, in the Southern District of New York, on four counts charging that in violation of 18 U.S.C.A. § 76 he falsely assumed and pretended to be an officer acting under the authority of the United States, to wit (in the various counts respectively), a Lieutenant, Chaplain Corps, and a Captain, Chaplain Corps, United States Army; and in such pretended character did demand and obtain from various named victims (well known stores) monies and merchandise respectively.

The petitioner was tried, and on October 10, 1945, duly convicted on all four counts. On December 14, 1945, the Court suspended the imposition of sentence and placed him on probation for five years with a condition of probation being that he restore "all monies he owes for having given bad checks." Following original arraignment on February 17, 1947, for violation of probation, the Court on March 6, 1947, after petitioner had admitted the violation of probation, revoked the probation and sentenced him to a total of four years. Notice of Appeal was filed on March 15, 1947. On April 8, 1947, a petition for Writ of Habeas Corpus was denied by Judge Goddard. On June 12, 1947, another petition for Writ of Habeas Corpus was denied by Judge Knox. On June 13, 1947, an opinion was filed by Judge Coxe "denying petitions for Writs of Habeas Corpus." The Mandate of the Circuit Court of Appeals dismissing the appeal was filed July 18, 1947, with an order thereon entered on August 5, 1947, making the same the Judgment of the District Court. During this appeal period several elections not to commence service of sentence had been filed. On August 13, 1947, an election to resume service of sentence dated August 11, 1947, was filed. On December 15, 1947, he filed another Petition for Writ of Habeas Corpus which was denied by Judge Rifkind, and on February 11, 1948, an Amended Petition for Writ of Habeas Corpus was filed and the writ thereon subsequently dismissed by Judge Ryan. Finally around March 19, 1948, his transfer to the penitentiary was effected. In the meantime, however, the Circuit Court (Judges Learned Hand, Swan, and Augustus N. Hand) in a Per Curiam opinion dismissed the appeal as " * * * obviously frivolous on its face."[1] He had also applied for Certiorari which was denied on October 13, 1947.[2] An application for rehearing was denied on October 27, 1947.[3]

 Aside from the question of whether this attack on the indictment may be properly raised in the present habeas corpus proceeding,[4] we have examined the indictment and find that it fully and adequately charges the offenses.

---

[1] United States v. Lowe, 2 Cir., 162 F.2d 709, 710.

[2] Lowe v. United States, 332 U.S. 777, 68 S.Ct. 41.

[3] Lowe v. United States, 332 U.S. 812, 68 S.Ct. 103.

[4] Sunal v. Large, 332 U.S. 174, 179, (N12), 67 S.Ct. 1588, 91 L.Ed. 1982; 67 S.Ct. 1588.

■ As to the Judgment and Commit-ment, an examination thereof shows it to be in accord with the court's action on revocation of probation. The petitioner had available, and has taken, the normal and customary method of correcting any errors of the trial by appeal. The Writ of Habeas Corpus is not designed for any further collateral review.[5] Nor has petitioner set forth anything (using the language of the Per Curiam of the Second Circuit) " * * * which throws the least question upon the regularity of the proceedings in the district court."

■ There is no greater merit in petitioner's reference to Rule 38 of Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, and his contention thereunder that he should be returned to the Southern District of New York. Rule 38 applies only to appeal in the criminal proceedings. Aside from the fact that his last record election was to resume service of sentence, it would in any event be immaterial, since such appellate proceedings have been completed. Moreover habeas corpus has reference to illegal restraint, and no illegal restraint is involved, even if his reference to further proceedings might be to some appeal in a collateral Civil proceeding in Habeas Corpus, of which this Court has no knowledge. The possible question of transfer to or retention within some court's jurisdiction would be solely for the determination of the court exercising that particular jurisdiction.

■ While it hardly warrants comment, but solely by way of answering petitioner's contention, in order that he may know it has not been overlooked, we pause to point out that the constitutionality of the Probation Act is certainly not now open to doubt.[6]

■ Petitioner objects to treatment which apparently does not comport with his estimate of his own dignity. However, other statements gleaned from his voluminous records indicate rather clearly that he entered the institution with an avowed intention of refusing to comply with the prison regulations. While this is not a matter involving illegal restraint or calling for consideration here[7] it must be confessed that such attitude of recalcitrance on the part of a federal prisoner who is serving a sentence inter alia as punishment for crime can meet with little sympathy. Signing himself as "Reverend," he apparently approaches his confinement without the proper sense of atonement of his sins. A prisoner who refuses to abide by prison regulations must expect that some corrective measures may be applied. Certainly the Federal Bureau of Prison's approach to the problem of punishment versus rehabilitation need cause no concern in this regard.[8] Nor is a federal prisoner without administrative relief in view of the establishment of a "prisoners' mail box," the procedure through which inmates may write letters, uncensored in the institution, to the Director of The Bureau.[9]

The Rule to Show Cause is accordingly dismissed and the Petition for Writ of Habeas Corpus denied.

5 Sunal v. Large, supra.

6 United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497; Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41.

7 Rothstein v. Hiatt, D.C., 70 F.Supp. 867; Ex Parte Cleio Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034.

8 See excellent discussion generally in "Federal Prisons—1946, A Report of The Work Of The Federal Bureau of Prisons," and at page 48.

9 "Federal Prisons—1946," supra, page 17.