**LOWE v. HUMPHREY, Warden.**

**No. 229.**

United States District Court,
M. D. Pennsylvania.

Oct. 14, 1948.

Richard Anderson Lowe, pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner's present application for writ of habeas corpus is the third filed in this District.[1] These were preceded in the original cause by appeal to the United States Court of Appeals, Second Circuit, and for certiorari to the Supreme Court, 332 U.S. 777, 68 S.Ct. 41, and by numerous applications for writs of habeas corpus in the Southern District of New York, which various proceedings we had occasion to summarize in our opinion to Habeas Corpus No. 217. (See opinion in Lowe v. Hiatt, D.C.M.D.Pa., 77 F.Supp. 303).[2] His second application in this District[3] was submitted to Honorable John Biggs, Jr., Chief Judge, United States Court of Appeals, Third Circuit, who also[4] commented on the frivolous nature of his applications.[5]

The present petition is largely repetition of allegations contained in previous applications. There was added, however, an allegation "that the petitioner here-to, was required under duress, without any type of elucidation, or advise from the Court, or the Court appointed Counsel to plead guilty to a bill of information * * *."[6]

On a Rule to Show Cause, response was filed which supplemented the previous records of this Court with a certified copy of the stenographic notes of the revocation of

[1] Habeas Corpus No. 217, Habeas Corpus No. 225, and Habeas Corpus No. 229.
[2] Petitioner's application for leave to file notice of appeal in forma pauperis was denied. Lowe v. Hiatt, D.C.M.D.Pa., 77 F.Supp. 923.
[3] Habeas Corpus No. 225 (M.D.Pa.)
[4] See opinions in United States v. Lowe, 2 Cir., 162 F.2d 709, 710; also Lowe v. Hiatt, D.C.M.D.Pa., 77 F.Supp. 303, and Id., D.C. 77 F.Supp. 923.
[5] Judge Biggs in that case also refused to allow an appeal in forma pauperis.
[6] This case falls squarely within the comment of Justice Jackson in his dissent in Price v. Johnston, 334 U.S. 266, 295, 68 S.Ct. 1049, 1065, that "This case is typical of many based on repeated habeas corpus petitions by the same prisoner. * * * Confinement is neither enjoyable nor profitable. And it is safe to assume that it neither gives rise to new scruples nor magnifies old ones which would handicap petitioner's preparation of one habeas corpus application after another. If the trial court rules one set of allegations deficient, concoction of another set may bring success." This

probation hearing. In a traverse then filed, petitioner, at this late date, has now injected a new contention with reference to his wife's illness that "This information being transmitted to Petitioner's Counsel, and upon his allegation of an agreement with the U. S. Atty. the Trial was called for Mar. 6, 1947 before the Hon. Judge Clancy, at which time Petitioner was to plead guilty to the general Chg. of Probation Violation, and to be continued upon Probation, and released to go at once to Atlanta Ga."

Respondent has moved that the Rule to Show Cause be discharged and the application for writ of habeas corpus refused for the reason that petitioner should under the circumstances of this case, make his motion to the trial court.

The matter now alleged by petitioner (if true) was known to him at the time of sentence and throughout the various and numerous subsequent proceedings by appeal and habeas corpus; it constitutes not only an imposition on the sentencing court but a most serious charge against responsible officers of that court. The contention falls within that provision of Section 2255 of the revised Judicial Code, 28 U.S.C.A. § 2255, where applicant is in custody under sentence of a federal court and is claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction * * *, or is otherwise subject to collateral attack". A motion to the trial court would be more adequate and effective. Moreover, it would be much fairer to the attorney involved in the allegation who was court appointed counsel and served without compensation, than to compel such attorney to expend both time and money to appear in this District, or be compelled to depend upon the effect of an affidavit. All the court officials involved in the allegation, and all the records and pertinent material are in the sentencing district, and the sentencing court is far more familiar with what transpired at the time of sentence and in a far better position to judge the issue presented. Furthermore, if the allegation is true and by reason thereof the sentencing court has been imposed upon, that is the one court that should dispose of this matter. This case "requires that the attack upon the judgment of imprisonment be made in the court where it was rendered, where the facts with regard to the procedure followed are known to the court officials, and where the United States Attorney who prosecuted the case will be at hand to see that these facts are fairly presented."[7] And especially true is it in the present case where petitioner feels that this court is prejudiced.[8]

The rule to show cause and the order to produce the petitioner in court for a hearing on October 15, 1948, are vacated, and the application for writ of habeas corpus refused.

---

seems to be petitioner's attitude. Paraphrasing a further comment of Justice Jackson, "This prisoner, in his (approximately 8th petition in two years) has now gotten around to charging that, at his trial in (1947), the Government knowingly (misled him into pleading guilty to a violation of probation)."

[7] Limiting The Abuse of Habeas Corpus by Hon. John J. Parker, 8 F.R.D. 171, 175.

[8] An affidavit of bias and prejudice was filed by him in the instant proceedings, which affidavit was dismissed as inadequate.