**UNITED STATES v. CALP.**

No. 21276.

United States District Court
D. Maryland.
Criminal Division.

March 10, 1949.

Dorsey C. Calp, pro se.

Bernard J. Flynn, U. S. Atty., and James S. Morrow, Jr., Asst. U. S. Atty., both of Baltimore, Md., for the United States.

CHESNUT, District Judge.

In this case the defendant on February 6, 1948 pleaded guilty to a criminal information in three counts for violation of United States Code Annotated, title 18, § 408 [now §§ 2311-2313], relating to the interstate transportation of known stolen automobiles. At that time he also signed and there was filed his written waiver of prosecution by indictment, and consent that the proceeding might be by information instead of by indictment. When arraigned he was asked whether he wished a lawyer appointed to represent him and answered that he did not. He also stated that he knew what he was charged with and when asked to plead replied "I plead guilty to all three charges". After extended statements as to the circumstances of the case by the Assistant United States Attorney and the defendant, and after consideration of a probation report, the defendant was sentenced to be committed to the custody of the Attorney General for imprisonment for a period of five years. The commitment signed also recited that the defendant stated that he did not wish counsel assigned to assist him and that he had pleaded guilty to the offenses charged in the information. He was subsequently confined in the United States Penitentiary at Atlanta, Georgia.

On February 28, 1949 the defendant filed a motion in this court in accordance with 28 U.S.C.A. § 2255 (the new Federal Judicial Code effective September 1, 1948) to strike out the sentence. In it he alleged (1) that he was arrested without a warrant; (2) that he was not taken before a United States Commissioner for a period of forty hours and (3) that during that time he was questioned at great length regarding certain automobiles that had been transported across state lines during the years 1945 and 1947, by members of the Federal Bureau of Investigation, during which time he was "threatened, cajoled and intimidated by pschological pressure"; as a result of which he signed a statement of confession; (4) that thereafter he "was later sentenced on a plea of guilty based on the aforementioned confessions". As conclusions of law he alleges that his constitutional rights have been violated in that (1) he was arrested without a warrant; (2) committed to jail without benefit of appearing before a committing authority; (3) was held in confinement without benefit of arraignment, bail or advice of counsel or friends for forty hours; (4) signed a confession while held in this unlawful custody and (5) was thus forced to testify against himself.

In support of these conclusions of law his petition cites the following recent cases in the Supreme Court of the United States: McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302; Lee v. Mississippi, 332 U.S. 742, 68 S.Ct. 300; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, and VonMoltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316. He also filed an affidavit for leave to proceed in forma pauperis, which leave was granted by the court. This case being the first one in this court under section 2255, on February 3, 1949 the court signed an order on this petition requiring the United States Attorney to show cause why the motion to vacate should not be granted. On February 11, 1949 the United States Attorney for this District filed an answer showing cause against the motion, supported by a detailed affidavit of Donald A. Surine, Special Agent of the F.B.I. By direction of the court a copy of this answer of the United States Attorney and of the affidavit annexed thereto was sent by mail to the petitioner on February 11, 1949. In response to the latter communication the petitioner has filed a general traverse to the answer and affidavit in which he requests a hearing on the facts, that he be brought back from Atlanta to this court for said hearing, and that counsel be appointed for him. By direction of the court the clerk of the court on February 16, 1949 by letter called the petitioner's attention to certain specific statements made by him in court at the time of his arraignment and plea and giving him permission to file a more specific reply or affidavit with respect thereto. And his attention was also called to the fact that in his present motion to vacate the sentence he did not now state that he was not guilty of the offenses charged in the information and to which he pleaded guilty in court. No further response has been made by the petitioner.

As this is the first case in this court arising under section 2255 of the new Judicial Code, I have given some careful consideration to the proper procedure to be followed and the proper disposition of the motion on its merits. This new section of the Judicial Code is the modern substitute for the ancient common law writ of error coram nobis. As stated by the revisers of the section "It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus. It has the approval of the Judicial Conference of the United States". As is also well known, it was originally recommended to the Judicial Conference by a Committee of very experienced judges for the purpose of correcting difficulties or abuses with respect to writs of habeas corpus relating to federal prisoners confined in federal institutions within the boundaries of districts other than that in which the sentence had been imposed upon a defendant in a criminal case. See 8 F.R.D. page 175; Wong v. Vogel, D.C., 80 F.Supp. 723; Lowe v. Humphrey, D.C., 80 F.Supp. 442; Davis v. Humphrey, D.C., 80 F.Supp. 513. It is also provided by said section that if the motion is overruled by the court which has imposed the sentence,

an appeal may be taken to the Court of Appeals of the Circuit, and it is further provided that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." And further, such motion is now made a condition precedent to an application for a writ of habeas corpus, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." It may also be noted that by section 2246 of the new Judicial Code, relating to the procedure and evidence on applications for writs of habeas corpus "evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit". Section 2255 relating to the motion to vacate the sentence does not specifically provide for evidence by affidavit. It does, however, provide that "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate".

The question as to procedure in this case is whether the defendant is entitled to be brought back to Baltimore from Atlanta for a formal hearing in court upon the motion, and to have counsel appointed for him at such a hearing. Section 2255 provides in effect for such a hearing where the motion and answer thereto present a new, material and important question of fact not known to the court when the case was originally heard and the sentence imposed by the court. And this was the function of the writ of coram nobis at common law. But in this particular case a review of the full record in the case, including the averments in the present motion, does not show the existence of any material fact not known to the court at the original hearing. And the record does show quite clearly that the present motion made to vacate the judgment is without merit.

The motion begins with a statement that the defendant was arrested without a warrant. The arrest was on Friday afternoon, January 9, 1948. The papers in the case directly contradict this averment (not of itself of constitutional dignity here) in that on December 24, 1947 a warrant for the arrest of the defendant was issued by the United States Commissioner for this District. The principal point made in the motion is that the defendant, having been arrested without the issuance of a warrant, was thereafter detained without lawful authority for forty hours before he was taken before the Commissioner; and that during that time he was by "psychological pressure" induced to sign a confession of guilt, and that therefore as illustrated in the cases of McNabb and others cited in the motion, the confession was not admissible in evidence against him. But the record conclusively shows the defendant was not convicted and sentenced by virtue of an extra-judicial confession, but on his confession in open court by a voluntarily entered plea of guilty, after he had in writing waived an indictment and orally been questioned in open court and stated that he did not wish counsel appointed for him.

The original hearing was not brief and perfunctory, but, as appears from the official stenographic report of the hearing, occupied at least fifteen minutes of time and is contained in nine pages of transcript, in addition to which the court was also furnished with a probation report by the Probation Officer of the court. It appears from this transcript that the defendant was 23 years of age, had a long prior and bad criminal record, including three escapes from prior state court custody, one of which was a forcible jail break and the other involved an assault on and shooting of a police officer. Some extracts from the transcript showing colloquy be-

tween the clerk of the court, the judge and the defendant are as follows:

"Clerk: Do you know what you are charged with?

"Defendant: I do.

"Clerk: How do you plead to this information?

"Defendant: I plead guilty to all three charges.

"The Court: I have read most of the probation report, Calp, submitted by Mr. Quirk, the Probation Officer. Do you want to state the case, Mr. Morrow" (the Assistant United States Attorney). (Mr. Morrow then stated some of the details involved in the three counts of the information each for the separate interstate transportation by the defendant of known stolen cars, and some of the incidents of the defendant's prior record.) Whereupon the following occurred:

"The Court: Is that true what Mr. Morrow has said about you, Calp? Is there anything you wish to say to me about this particular case or about your prior record?

"Defendant: Yes, your Honor, that I would like to get committed to a federal institution so I have the opportunity to straighten myself out. If I get back to a state institution before I have a chance to straighten myself out I will be kicked from pillar to post, but in a federal institution I understand I have every opportunity in the world to reform. * * * I have been in institutions since I was 17 years of age. I have only been free 80 days since then.

"The Court: Well I wish you would tell me why you get into all this trouble from one place to another.

"Defendant: I was getting from one thing to another. I escaped from one institution in 1945, and I went to the Virginia institution and there I escaped and I went to this here Pennsylvania institution, and from there from one thing to another, and I was never free or never been released. * * * The federal authorities treat me very good. I think an institution, a federal institution, would do me good."

The papers in the case show that the defendant was committed in default of bail by the United States Commissioner on January 12, 1948; while the hearing and sentence occurred more than three weeks later. It is complained in the motion that the defendant made a written confession to agents of the F.B.I. as a result of "psychological pressure" before he had a hearing before the Commissioner. But it does not appear that in the more than three weeks thereafter prior to his arraignment in court there was any pressure or improper influence on the defendant of any kind by any government officials. At the hearing in court there was no intimation by the defendant that he was still acting under any compulsion, threats or pressure of any kind but on the contrary it affirmatively appears from the transcript of the proceedings that his plea of guilty was freely and voluntarily made. Furthermore it appears that in open court he freely and voluntarily admitted not only the three specific charges against him recited in the information, but also in substance expressly admitted his prior long record of violations of state laws. He had also had the opportunity to confer freely with the probation officer of the court. Still again it is to be noted that in the motion now made he does not say that he was innocent of the offenses charged in the information. And indeed it does not clearly appear that he has made oath to the statement in the motion papers that he was induced by "psychological pressure" of the F.B.I. to sign a written confession; although it does appear that he made oath to the application to prosecute the motion in forma pauperis, for which permission was granted.

■ I therefore conclude from what affirmatively appears in the record, and from the omissions of the motion itself, that the court had complete jurisdiction of the case, that the sentence imposed was authorized by law, and that there had been no denial or infringement of the constitutional rights of the prisoner sufficient to justify a vacation of the sentence.

I have reached this conclusion quite apart from the answer filed by the United States Attorney to the rule to show cause, and the accompanying affidavit of the F.B.I. Agent. The latter very clearly and

specifically and in detail denies that any pressure or threats or other undue influence occurred on the part of the government officers; states that the only time they questioned the defendant 'for several hours was on Friday afternoon January 9, 1948; and the affidavit explains that the only reason the defendant was not sooner taken before a United States Commissioner was due to the latter's unavailability from Friday afternoon to the next Monday morning. I take the view that under the particular circumstances of this case it would. be permissible for this court to consider this affidavit as a part of the record in the case, especially for the reason that a copy of it has been furnished to the defendant who has been given permission to file a counter-affidavit if desired with respect thereto and more specifically than was done by him in the mere general traverse which he filed. Furthermore, it also appears from the transcript at the hearing on February 6, 1948 in this case that the statement of the defendant in open court, made more than three weeks after his questioning by the F.B.I. Agents, was in substance to the same effect as the statements in the affidavit. But however that may be, as I say, I have reached the conclusion that the motion is without merit without consideration of the answer and affidavit.

■ ·The Supreme Court cases of Mc-Nabb and others cited in the defendant's motion are not in point here because all of them (with the exception of VonMoltke v. Gillies, a case with very different facts) related to the admission as evidence in contested criminal cases extra-judicial confessions made by the respective defendants under alleged undue influence by government agents. The cases are not in point because in the instant case the defendant's confession was a judicial confession in open court by a voluntarily entered plea of guilty. There is nothing in the case to show that this plea was other than free and voluntary. The defendant was not a youth without prior experience in criminal cases. And there is nothing to show that at the time he entered his plea of guilty after waiving the appointment of counsel, he was acting under any

undue influence or misconception or imperfect understanding of his situation and the consequence of his plea. In fact quite the contrary affirmatively appears from the record. While it is certainly required that careful consideration should be given by the trial judge to a motion of this kind, in order to correct if necessary a hasty or improvident sentence, it is equally appropriate to observe that judicial decisions made in open court as a result of due process should not be lightly vacated.

It is accordingly ordered by the court this 10th day of March 1949, that the motion to vacate the sentence in this case. be and the same is hereby overruled, and the clerk is directed to send a copy of this opinion and order to the defendant, who is also hereby notified that if desired he has the right to appeal from this order to the United States Court of Appeals at Richmond, Virginia.