**UNITED STATES v. CAMERON.**

No. 6376.

United States District Court
S. D. Mississippi, S. D.

June 15, 1949.

Joe E. Brown, U. S. District Attorney, Jackson, Miss., for the Government.

Ramsey P. Cameron, Atlanta, Ga., pro se.

MIZE, District Judge.

Petitioner, Ramsey P. Cameron, was convicted with another defendant on June 23, 1944, upon an indictment charging him with conspiracy to commit an assault upon federal officers and to violate the provisions of Section 254 [now § 111] of Title 18 of the United States Code and on separate counts was convicted of actually committing the assault and battery with a deadly weapon on different officers on the same day, in violation of Section 254, Title 18 of the Code. He was sentenced to serve two years on the conspiracy count and to serve ten years on each of the other counts, the conspiracy sentence to run concurrently with the other sentences but the others to run consecutively, making a total of twenty years to serve.

He now moves the court under Section 2255, Title 28 of United States Code Annotated, to set aside or vacate the sentence on the ground that he is serving two ten year sentences to run consecutively for only one crime. That even though two officers were shot, only one crime was committed. He also urges that his attorney did not call him to the stand to testify in his own behalf, and did not call witnesses he wanted and did not appeal his case and that therefore his constitutional rights have been violated.

The question posed is whether or not the court should order a hearing on the petition or should the court deny the application without the presence of the defendant.

Section 2255, Title 28 of the United States Code Annotated, does not require the presence of the defendant for hearing upon every application but it may be heard and determined without his presence unless justice requires he should be heard. I have examined the motion and the files and records of the case and they show conclusively that the prisoner is not entitled to any relief. The court had juris-

diction to render the judgment, the sentence imposed was authorized by law and is not otherwise open to collateral attack. There has been no denial or infringement of any of his constitutional rights in any way whatever and therefore the judgment is not vulnerable to collateral attack.

It is the duty of the court to cause notice of the application to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law thereon unless the motion and the files and the records of the case show conclusively that the prisoner is entitled to no relief, but of course this is not necessary if he is entitled to no relief.

The petitioner in this case was represented as shown by the record by a lawyer of his own choosing, one the court knows to be experienced and able, and who represented the petitioner at every stage of his case and about whom no complaint was made at any time during the trial of the case. He and petitioner determined the course that was desired. There is no merit now to petitioner's contention that he was not permitted to testify since he was not prevented by the court, but it was his voluntary act.

 The second count of the indictment charged an assault upon officer Reed with a deadly weapon and the third count charged an assault upon officer Frost with a deadly weapon, each in violation of section 254 of Title 18 United States Code. Each count charges a separate and distinct offense and each assault constituted a separate and distinct crime and required different evidence to sustain the conviction although parts of the evidence may be applicable to each count. There is no merit in his contention that only one crime was committed. Warner v. United States, 5 Cir., 168 F.2d 765.

Errors of judgment of his counsel, if any, during the progress of his trial cannot be made the basis for setting aside a valid judgment of conviction. If the law were otherwise then in every case where a defendant elected not to testify and should be convicted he could say and assign as error his own failure to testify when he had the opportunity. This will not do.

The record in the case showing that petitioner is not entitled to any relief whatever and this appearing conclusively the motion will be denied to set aside the sentence and judgment of conviction and order will be entered accordingly.