**SAUNDERS v. UNITED STATES.**

Nos. 10965, 11054.

United States Court of Appeals
District of Columbia Circuit.

Argued June 15, 1951.

Decided July 13, 1951.

Charles S. Sures, Washington, D. C., with whom Nathan M. Lubar, Washington, D. C., was on the brief, for appellant.

Joseph A. Sommer, Asst. United States Atty., Washington, D. C., with whom George Morris Fay, United States Atty., and Grace B. Stiles and Joseph M. Howard, Asst. United States Attys., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN, and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried, convicted and sentenced for assault with a dangerous weapon upon one James C. Russell. Sentence was pronounced January 19, 1951, and notice of appeal was filed January 29, 1951. On February 16, 1951, a motion for a new trial, partially upon the ground of newly discovered evidence, was filed in the District Court, which motion was denied on

March 1, 1951, after hearing. No appeal from that denial was noted. On May 28, 1951, appellant filed in the District Court another motion for a new trial on the ground of newly discovered evidence. After hearing, that motion was denied on June 11, 1951. On the same day, appellant appealed from that denial. The two appeals, the first from the judgment of conviction and sentence, being No. 10965, and the other from the denial of the second motion for a new trial, being No. 11054, were consolidated for argument and decision.

■ Appellant makes three points. As his first point he says that he was denied a fair trial when the prosecutor concealed evidence of the perjury of the complaining witness, Russell. While Russell was testifying on direct examination he was asked the following questions and gave the following answers:

"Q. Have you known Saunders, before that? A. I have seen him on the street, and I am working out there. I have been working there since 1936.

"Q. Now, did you ever have any difficulty with Saunders before? A. Not that I know of.

"Q. Have you had any argument with him? A. I never argued with him; never even spoke to him.

"Q. Did you ever have any—do you know any of his family? A. No; I don't.

"Q. You don't know them? A. I just know him by sight."

As a matter of fact, Russell had had the appellant arrested for an aggravated assault in April, 1949, but the prosecutor disposed of that matter with a *nolle prosequi*. Appellant says that Russell perjured himself in the quoted answers. The "evidence" which the appellant says the prosecutor concealed upon the trial of the present case, was a memorandum of the Police Department which showed the police record of the appellant and which contained a notation of the arrest in 1949 and the name of the complainant, James Russell.

There are several difficulties with appellant's point, any one of which is dispositive of it. In the first place, the appellant obviously knew of the arrest and knew that Russell was the complainant; he (appellant) was the one arrested. The prosecutor did not, and could not, upon the trial of the present case conceal that information from him. That appellant may not have told his counsel is immaterial. In the second place, appellant's wife, who was a witness in his behalf, knew that Russell had caused the previous arrest, as an affidavit by her to that effect is in the record before us. In the third place, defense counsel in his opening statement referred to prior difficulty between the appellant and Russell, saying, "As the District Attorney said, it will be shown probably that the defendant and the complaining witness have had some argument and difficulty in the past". In the fourth place, the memorandum of the Police Department was not admissible as evidence of either the assault or the name of the complaining witness. It was not the official arrest record. In the fifth place, the prosecutor told the jury that the complaining witness had not been telling the truth in respect to one matter and called their attention to the fact that the judge would instruct them that they could disregard any part of a witness's testimony or disregard it all. In the sixth place, both the memorandum and the official arrest record were readily available to appellant upon subpoena.

■ What we have said about the first point made by appellant also disposes of the point made by him in his second appeal, No. 11054. That appeal is based upon a claim of newly discovered evidence. But the newly discovered evidence is the Police Department memorandum to which we have referred. In no respect does it fall within the rules concerning newly discovered evidence.[1] Furthermore, no appeal was taken from the denial of the first motion for a new trial, and the second such motion was upon precisely the same grounds as the first. Thus the matter was *res judicata* when the second motion was made.[2]

■ Appellant's other point·is that when he presented character witnesses the prose-

1. Thompson v. United States, 1951, 88 U.S.App.D.C. 235, 188 F.2d 652.

2. Wilson v. United States, 8 Cir., 1948, 166 F.2d 527.

cutor asked on cross examination, "Do you know that he was arrested in April 1949 for aggravated assault?" One witness answered in the affirmative and the other in the negative. Appellant says that the witness could have been asked as to rumors or reports of a particular act or whether the witness had heard of specific charges of misconduct made against the defendant. Appellant says that the form of the question, "Do you know," was such as to establish the fact of the prior arrest. The question was objectionable.[3] But no objection was made at the time of the trial, as the Rules require. We think that the difference between the allowable expression, "Have you heard," and the question asked, "Do you know," is not sufficiently great under the circumstances of this case to require or to justify the exercise of any discretion which this court may have in such a matter.[4]

The judgment of the District Court in No. 10965 and its order in No. 11054 are affirmed.

3. United States v. Michelson, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168.

4. 28 U.S.C. § 2111; Fed. Rules Crim. P. 52, 18 U.S.C.A.; Little v. United States, 8 Cir., 1937, 93 F.2d 401, certiorari denied 1938, 303 U.S. 644, 58 S.Ct. 643, 82 L.Ed. 1105.

