### UNITED STATES v. RUTKIN.
### No. 11251.

United States Court of Appeals
Third Circuit.

Argued April 6, 1954.

Decided May 14, 1954.

---

3. White v. Commissioner of Internal Revenue, 5 Cir., 172 F.2d 629.

Lemuel B. Schofield, Philadelphia, Pa. (Maurice Edelbaum, New York City, on the brief), for appellant.

Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J. (William F. Tompkins, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This case is before us for the third time. James Rutkin, the appellant, was convicted of income tax evasion in October, 1950. Both this Court[1] and the Supreme Court of the United States[2] affirmed that conviction. Subsequently the denial of a motion for a new trial was also affirmed by this Court.[3] Appellant now moves for a writ of error coram nobis or alternatively for a writ of habeas corpus. This motion was treated by the trial court as one to vacate sentence under 28 U.S.C. § 2255.[4] After oral argument, the court denied the motion without granting a hearing.

■ At the outset, it should be made clear that the court below quite properly treated this motion as if made under 28 U.S.C. § 2255. According to the Reviser's Note, section 2255 "restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis."[5] There is no reason to refuse to pass on the merits of appellant's claims merely because he has not expressly labeled his petition as a motion under section 2255. In this type of proceeding, the label on the petition or motion is not determinative. United States v. Morgan, 1954, 346 U.S. 502, 505, 74 S.Ct. 247, 249.

■ Coram nobis, and its statutory successor, section 2255, are discussed by the Court in the Morgan decision, just cited. "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice," says Mr. Justice Reed for the Court, 346 U.S. on page 511, 74 S.Ct. on page 252. The motion is not to be used by an appellant to review his conviction as on appeal. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 344, certiorari denied, 1951, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, certiorari denied, 1953, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384. Further, it is clearly established that an appellant must do more to void his conviction than to show the conviction was secured by perjured testimony. He must also show that the prosecution used such testimony knowingly. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Cobb v. Hunter, 10 Cir., 167 F.2d 888, certiorari denied, 1948, 335 U.S. 832, 69 S.Ct. 19, 93 L.Ed. 385; Ryles v. United States, 10 Cir., 1952, 198 F.2d 199.

1. 3 Cir., 1951, 189 F.2d 431.

2. 1952, 343 U.S. 130, 72 S.Ct. 571, 96 L. Ed. 833.

3. 3 Cir., 1953, 208 F.2d 647.

4. The relevant paragraphs are as follows:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

5. 26–33 U.S.C. 4410 (1952 ed.).

Nevertheless, the language of the statute is strong and imperative. It provides that the sentencing court shall grant the prisoner a hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." We must determine, therefore, whether there was such a conclusive showing of lack of merit that appellant was properly denied a hearing. United States v. Sturm, 7 Cir., 180 F.2d 413, certiorari denied, 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388. To the petition, then, we turn.

This document contains twenty-six numbered paragraphs. It can hardly be called a model of English composition. But it charges (decorated with the adjective "diabolical") a conspiracy, discovered subsequent to Rutkin's trial and conviction, to secure that conviction in order to compel Rutkin to drop a civil suit pending between Rutkin and the chief prosecuting witness, Reinfeld, in New York. Rutkin claims that the members of this conspiracy were Joseph Reinfeld, the government's main witness; Joseph Nunan, Reinfeld's counsel and former Commissioner of Internal Revenue; Charles J. Tyne, the Assistant United States Attorney in charge of the case; T. Lamar Caudle, Assistant Attorney General in charge of income tax matters; and others.

The appellant has not expressly alleged that perjured testimony was used knowingly by the prosecution. But he has alleged that the United States Attorney who prosecuted him participated in a conspiracy to convict him and that one of the instruments of that conspiracy was the perjury complained of. We think, therefore, that the allegations of the motion are sufficient to allege the knowing use of perjury by the government. Such an allegation entitles appellant to a hearing under section 2255. James v. United States, 5 Cir., 1949, 175 F.2d 769. The decision in Tinkoff v. United States, 7 Cir., 1942, 129 F.2d 21, has language which seems to require more than this. It is to be noted, however, that this case came before the 1948 enactment of section 2255.

The allegation of suppression of evidence makes a brief summary of the factual situation necessary. Rutkin was convicted of willful failure to report as taxable income a sum of money which the jury found he had extorted from Reinfeld by threats of violence. His defense was that this money constituted a return to him by Reinfeld of his interest in an enterprise known as Browne Vintners. One of the defense's exhibits was a release executed by Rutkin, Joseph Stacher, and one Abner "Longie" Zwillman in return for payments to them by Reinfeld in satisfaction of the shares they claimed to have had in the business. Reinfeld claimed that he was forced to sign the release as to Rutkin by the latter's threats, but acknowledged the legitimacy of Stacher's and Zwillman's claims.

Rutkin now alleges that prior to the trial the United States Attorney had, unknown to appellant, obtained and willfully suppressed a statement from Zwillman that contradicted Reinfeld's testimony. Zwillman did not testify at that trial. Counsel for appellant stated in oral argument before the court below that Zwillman could not be located by the defense at that time. Appellant does not allege the contents of the statement with greater particularity, he says, because he has not been able to obtain access to it. In fact, such access is one of the things he is requesting in this Court. He also claims that a statement from Stacher has been concealed.

The deliberate suppression by the prosecution of evidence favorable to a defendant may constitute a denial of due process. Pyle v. State of Kansas,

645

1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; U. S. ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F.2d 815, 33 A.L.R.2d 1407, certiorari denied, 1953, 345 U.S. 904, 73 S.Ct. 639, 97 L.Ed. 1341. On this ground also, the case must be returned to the district court for a hearing on the allegations of the motion. The United States Attorney will be ordered to produce the statements of Zwillman and Stacher, if such exist, for the inspection of the court, which, after considering all the circumstances, including the materiality of the statements and whether the information contained therein was available to defendant during the trial, shall decide whether appellant's constitutional rights have been violated.

■ There is one further point. Rutkin has petitioned this Court for leave to amend his original motion. He wishes to incorporate allegations from the complaint in the suit instituted by him against Reinfeld in the Southern District of New York. These allegations, substantially identical to the ones in his original motion here, are to the effect that his indictment and conviction were the result of a conspiracy, which is asserted to be the same one involved in this case. Rutkin has secured a verdict in the New York action against Reinfeld and others. He seeks also to incorporate into his motion that verdict and the findings of the jury that Rutkin had a bona fide claim against Reinfeld and others with respect to the Browne Vintners transaction. That a New York jury may have decided factual issues contrary to the findings of the jury in this case does not seem to us to prove anything here. Accordingly, the petition to amend will be denied.

The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.