UNITED STATES of America, Appellee,

v.

Roland E. DEROSIER, Appellant.

UNITED STATES of America, Appellee.

v.

Alexander Yorkey KREFFKA, Appellant.

Nos. 11684, 11685.

United States Court of Appeals
Third Circuit.

Submitted Dec. 9, 1955.

Decided Feb. 3, 1956.

Roland E. Derosier and Alexander Yorkey Kreffka, appellants, pro se.

John W. McIlvaine, U. S. Atty., John A. DeMay, Jr., Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellants were convicted on November 12, 1954, under 18 U.S.C. § 2312, of

knowledgeably transporting a stolen motor vehicle from Springfield, Missouri to McDonald, Pennsylvania. On February 3, 1955, acting pro se they made numerous motions which were considered by the trial judge as coming under 28 U.S.C. § 2255. These were heard on February 23, 1955. At that time the appellants were not in court, the judge deeming their presence unnecessary. By a written opinion and order, filed March 11, 1955, the motions were denied. It is from that order these appeals were taken.

The district judge in his opinion correctly states that the chief complaint of appellants was concerning their court appointed counsel. The court went into this carefully and, warranted by the record, concluded that the attorney had ably represented appellants at their trial and thereafter until he was relieved by the court; that the attorney had testified under oath that he had never been requested by appellants to apply for a new trial; that "It appears to have been the sound judgment of the defendants' counsel that such a motion would have been useless and unavailing. From the allegations set forth in defendants' petitions before us, the court agrees with defendants' counsel."

■ Generally speaking, whether or not a defendant should be in court during such hearing is within the discretion of the court. His production should be ordered only "where the court is of the opinion that his presence will aid the court in arriving at the truth of the matter involved" and not merely because the defendant asks to be present. Crowe v. United States, 4 Cir., 1949, 175 F.2d 799, 801. See also Carvell v. United States, 4 Cir., 1949, 173 F.2d 348; United States v. Cameron, D.C.Miss.1949, 84 F.Supp. 289; United States v. Calp, D.C.Md.1949, 83 F.Supp. 152. Here, with the district judge apparently accepting prima facie the allegations of the moving papers, the presence of appellants might well have seemed unessential. The moving papers, however, were handwritten, voluminous and confusing. One of them, titled "Motion for New Trial" and dated December 28, 1954, contains the following: "(1) That the prosecution permitted admission of incompetent evidence. Said evidence in turn was prejudicial to the defendants. (2) That said evidence was never substantiated by the prosecution as to the actual existence of said evidence. (3) That said evidence was false evidence and statements made with the expressed intentions of influencing the courts and juries Judgment. * * * (10) The defendants, have new evidence further showing that the aforesaid verdicts were rendered contrary to facts as said in assignment, 9." These were vague general statements but they were followed by a paper called "Motion to Amend Motion For New Trial". That document requested that 1, 2 and 3 of the above quoted "Assignments" of said motion and others not now pertinent be stricken and a number of new "assignments" substituted including: "(4) That the new evidence that the defendants now. hold are material evidence. (5) That the aforesaid evidence in turn will show enclusively that, the defendants were framed by the law authorities in this case. (6) That they can fully show proof of false testimony of a Government witness by legal Court documents. (7) That the aforesaid false testimony will show wilful and corrupt perjury by the aforesaid Government witness. (Section 1001 of the Criminal Code). (8) That the defendants verdict of guilty was the results of perjured testimony and suppressed evidence by the defense counsel. Achoa v. United States (C.C.A.Calif.1948). (9) That all the aforesaid assignments deprived the defendants of a fair trial."

The above motion was verified January 28, 1955, though the note which forwarded it to the clerk of the district court is dated January 24, 1955. It was filed February 3, 1955. There is no indication that it was disposed of separately or prior to the March 11th order. Indications are that it was one of those motions which the trial judge consolidated for hearing. In appellants' brief they say "The appellants honestly believes

and can show proof that the prosecution was cognizant of the above said witnesses perjured testimony."

Though the references in the appellants' moving papers before the district court are oblique and unsatisfactory it is certain from the statements in appellee's brief and appellants' reply thereto that the testimony involved is that of a Massachusetts police officer who contradicted appellant Kreffka's statement that the latter had not taken the stand in a Massachusetts criminal trial where he had been the defendant. It is said that the officer testified he had known Kreffka as Kriff and had never known him as Kreffka and that he went on to say that Kreffka had boasted of other crimes, etc. It is asserted the officer was the last witness in the case at bar and that his testimony was of substantial hurt to the appellants.

Appellee stresses the officer's confirmation of his testimony by letter to the district court which was read into the court record. Reference is also made to a letter (read into the record) to appellee from Kreffka's Massachusetts attorney stating that he could not remember whether Kreffka took the stand in the Massachusetts trial but that the records do not show him as a witness in the case. Appellee submits that in any event the testimony could not possibly be perjury but was at most a mistaken remembrance.

■ The result of all this is that there is a charge of perjury against the particular witness with knowledge of it imputed to appellee. The testimony is represented as having had a vital effect upon the jury's verdict. As we said in United States v. Rutkin, 3 Cir., 1954, 212 F.2d 641, 643, 644: "Such an allegation entitles appellant to a hearing under Section 2255." That allegation has not been as yet passed upon by the district court and there must be a new hearing to take care of it.

The order of the district court of March 11, 1955 will be vacated and the case remanded for further proceedings in accordance with this opinion.

HASTIE, Circuit Judge (concurring).

Concurring in the court's disposition of this appeal, I wish to repeat the thought expressed by Judge Kalodner and me in United States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407, 428–429, where we said of an analogous situation that "procedure is flexible enough so that a district judge faced with unclear or inadequately informative pleadings may require that the relator amend or supplement his petition to provide a clear statement of what, if anything, he proposes to show beyond that which already appears in the record * * *."

If a district court dismisses out of hand such general allegations as we have here, whether appearing in a habeas corpus petition or a motion under § 2255 of Title 28, a court of appeals may be constrained to vacate the order because of the possibility that what has been charged, even in a vague and unsatisfactory way, can be substantiated. Yet, it often turns out that the petitioner has nothing of consequence to support the general charge. For the early discovery and clear establishment that such is the case, preliminary inquiry by the district court concerning the factual basis of the general charge and the nature of the evidence thought to support it will be very useful. The inability of the moving party to make such a preliminary showing when so directed by the court will often provide a proper and adequate basis for dismissing a Section 2255 motion or a habeas corpus petition. Thus, the procedure herein suggested is likely to have real value as a time saver, without denial of essential justice, where the claim seems vague and of doubtful merit from the beginning, but is not clearly bad on its face. Of course, if a substantial case is revealed, trial of disputed issues of fact must proceed in normal course.