The petition of the United States, therefore, must be and hereby is dismissed.

**UNITED STATES of America**

v.

**Roland Ernest DEROSIER and Alexander Yorkey Kreffka.**

**Cr. No. 14326.**

United States District Court
W. D. Pennsylvania.

May 18, 1956.

D. Malcolm Anderson, Jr., U. S. Atty., John DeMay, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert E. Kline, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The petitioners, Roland Ernest Derosier and Alexander Yorkey Kreffka, were found guilty by a jury on November 12, 1954 of "transporting a stolen motor vehicle in interstate commerce" 18 U. S.C. § 2312. On December 9, 1954 they were duly sentenced. The evidence in support of the conviction was convincing; the defense submitted at best would strain credulity.

Beginning on January 3, 1955, and thereafter, the petitioners presented various motions to this court for relief from their conviction and sentence. Inter alia, they averred as follows:

"(1) That the prosecution permitted admission of incompetent evidence. Said evidence in turn was prejudicial to the defendants. (2) That said evidence was never substantiated by the prosecution as to the actual existence of said evidence. (3) That said evidence was false evidence and statements made with the expressed intentions of influencing the courts and juries Judgment. * * * (10) The defendants, have new evidence further showing that the aforesaid verdicts were rendered contrary to facts as said in assignment, 9."

These general statements were followed by a paper called "Motion to Amend Motion For New Trial". That document requested that 1, 2 and 3 of the above quoted "Assignments" of said motion and others be stricken and a number of new "assignments" substituted including:

"(4) That the new evidence that the defendants now hold are material evidence. (5) That the aforesaid evidence in turn will show enclusively that, the defendants were framed by the law authorities in this case. (6) That they can fully show proof of false testimony of a Government witness by legal Court documents. (7) That the aforesaid false testimony will show wilful and corrupt perjury by the aforesaid Government witness. (Section 1001 of the Criminal Code). (8) That the defendants verdict of guilty was the results of perjured testimony and suppressed evidence by the defense counsel. Achoa v. United States, (C.C.A.Calif.1948). (9) That all the aforesaid assignments deprived the defendants of a fair trial."

Believing that these averments were not sufficient to warrant a hearing, the court dismissed the application. Upon appeal, the judgment was vacated and a hearing ordered. 3 Cir., 229 F.2d 599. Accordingly, a writ of habeas corpus was issued to the Warden of the United States Penitentiary at Atlanta, Georgia, to produce the petitioners for hearing on March 21, 1956. Counsel was appointed to represent petitioners. On March 21st, the hearing was continued to give counsel opportunity to consult with petitioners and prepare their case; and another hearing was fixed for and held on April 9, 1956.

In his defense at the criminal trial, Kreffka denied the accusation of knowingly transporting a stolen motor vehicle

in interstate commerce. He also testified that he had been twice charged with armed robbery: first, in 1937 in Columbus, Ohio where he was sentenced to the Ohio State Penitentiary, and, second, in 1945 in Worcester, Massachusetts where he was sentenced. He denied ever being on the witness stand before and said, "Well, whenever I was guilty I pleaded guilty. I am not guilty, I don't plead nothing." On cross-examination he admitted he did not plead guilty in Worcester but was found guilty by a jury. He said, "I didn't plead guilty, but I never took the stand." In rebuttal, Lieutenant Daley of the Worcester Police Department was called. He testified that Kreffka and two accomplices were tried in Worcester County in September of 1945; that he attended the trial and that Kreffka took the witness stand and testified.[1]

Following this testimony, outside the courtroom and in the presence of the Assistant United States Attorney, petitioner sharply challenged Daley and accused him of perjury. This alleged perjury, and the accusation thereof in the presence of the Assistant United States Attorney, is the basis of petitioners' assertion that their constitutional rights have been violated and that they are entitled to a new trial.

At the hearing on the petition, Kreffka testified that he is certain he did not take the stand at his trial in Worcester, Massachusetts, because he later filed a motion for a new trial alleging, inter alia, that he was deprived of the right to take the witness stand to testify in his own behalf; that his mother did not testify that he had been a convict in the Ohio State Penitentiary or had been a champion boxer in that institution; and that a communication he received from the Clerk of the Worcester County Courts advises that the name of Kreffka or Kriff was not included in the list of witnesses who testified. The list of witnesses referred to was not introduced into evidence.

He desires compulsory process to call as witnesses the Clerk of Courts and those persons, in addition to the Clerk, who have indicated that they remember that Kreffka did not take the witness stand, and also those persons who recall he did take the stand after talking to Lieutenant Daley. Of the latter group is one John J. Siarkiewicz, Esq., counsel for a co-defendant at the Massachusetts trial, who has advised in a letter to Kreffka's present counsel that according to his recollection all three defendants took the stand and testified in their defense; that he has no records, but that he contacted Lieutenant Daley who told him that it was also his recollection that they all testified. A letter from John L. Bianchi, Esq. who represented Kreffka at the Massachusetts trial, was introduced into evidence, This letter to petitioners' present counsel was to the effect that he [Bianchi] did not remember whether Kreffka took the stand or not. Kreffka testified that no reporter was present at the trial.

Petitioners admit that they have no evidence and do not contend that the prosecution used this alleged perjured testimony knowingly. It was argued, however, that the assistant United States Attorney who overheard Kreffka challenge Daley in the hall after the trial should have checked immediately with the authorities in Worcester and discovered that Daley had perjured himself. But we think that the absence of Kreffka's name on the list of witnesses who took the stand at his trial in 1945 does not necessarily prove that Daley perjured himself. Indeed, the indications are that if that disputed issue were tried now, there would be considerable conflicting testimony and doubt would be cast upon the accuracy of that list. Rec-

---

**1.** On cross-examination, Daley testified he was absolutely sure Kreffka had taken the stand as a witness and could remember everything he said. When asked, Daley testified that Kreffka had said he was a boxing champion at the Ohio State Penitentiary.

ollections are now dim and only Kreffka and Daley claim to have good present recollections, and they are completely at variance.

■ Even if we assume that the testimony of Lieutenant Daley was perjured, false or mistaken, the petitioners are not entitled to a new trial under 28 U.S.C.A. § 2255. Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 831. As was there said:

> "Perjured testimony, standing alone, is not sufficient to present any issue to this Court under Section 2255, Title 28, U.S.C."

It is clearly established that the petitioners must do more to void their conviction than to show the conviction was secured by perjured testimony. They must also show that the prosecution used such testimony knowingly and willfully to secure the conviction. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; United States v. Rutkin, 3 Cir., 1954, 212 F.2d 641; Cobb v. Hunter, 10 Cir., 1948, 167 F.2d 888; Ryles v. United States, 10 Cir., 1952, 198 F.2d 199. The petitioners admittedly make no such showing in the instant proceeding and for that reason their motion under 28 U.S.C.A. § 2255 must be denied.

■ Petitioners in their brief emphasize that their motion should be considered as a motion for a new trial under Rule 33, Fed.Rules Crim.Proc., 18 U.S. C.A., as well as a motion under 28 U.S. C.A. § 2255.[2] In the light of the learned counsel's argument, we shall consider the motion as one for a new trial under that rule. In this type of proceeding, the label on the petition or motion is not determinative. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

■ It is requisite that the motion be treated as made on the ground of newly discovered evidence since it was not made within five days after the ver-

dict of guilty was rendered. United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; Kirksey v. United States, 1954, 94 U.S.App.D.C. 393, 219 F. 2d 499; Oddo v. United States, 2 Cir., 1949, 171 F.2d 854.

■ A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge, United States v. On Lee, 2 Cir., 1953, 201 F.2d 722, and the grant of a new trial on that ground is not generally favored, Casey v. United States, 9 Cir., 1927, 20 F.2d 752, affirmed 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632.

■ To warrant the granting of a new trial on the ground of newly discovered evidence, there must ordinarily be present and concur five verities, to wit: (a) the evidence must be in fact newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. United States v. Rutkin, 3 Cir., 1953, 208 F.2d 647.

Doubt exists that the offered evidence is, strictly speaking, "newly discovered" for the purposes of Rule 33, Fed.Rules Crim.Proc. It appears that the records of Kreffka's conviction in the Worcester County Court were available prior to trial to corroborate the testimony which he elected to give on direct examination. Indeed the records of the Worcester trial were probably the best evidence of what Kreffka undertook to prove by recollection. Cf. Thompson v. United States, 1951, 88 U.S.App.D.C. 235, 188 F. 2d 652; Saunders v. United States, 1951, 89 U.S.App.D.C. 291, 192 F.2d 409.

■ But even if we assume that the offered evidence was in fact newly dis-

---

2. "A Motion for New Trial For Newly Discovered Evidence" was filed on May 16, 1956.

covered, it would only tend to impeach the credibility of Daley, a rebuttal witness for the prosecution, whose testimony was offered to impeach the credibility of defendant Kreffka. Daley did not testify as to any substantive element of the crime charged against the defendants.

■ Ordinarily, newly discovered evidence which goes to the impeachment of a witness and not to facts at issue in the case is not sufficient ground for a new trial. Balestreri v. United States, 9 Cir., 1955, 224 F.2d 915; Goodman v. United States, 3 Cir., 1938, 97 F.2d 197.

■ In addition, the evidence offered on a motion for a new trial must be such that it would probably result in the acquittal of the defendants. United States v. Rutkin, 3 Cir., 1953, 208 F.2d 647. And in the consideration of such a motion, the trial judge may utilize the knowledge gained from presiding at the trial as well as the evidence offered at the hearing. United States v. On Lee, supra; Balestreri v. United States, supra.

■ With regard to Kreffka's credibility, he himself has seriously damaged it by his testimony pertaining to the prior felonies of which he was convicted. Of course, no one can say what effect the jury gave to Daley's testimony in deciding that both Kreffka and Derosier were guilty, but it is the opinion of the court, after due consideration of our knowledge and observations of the witnesses and the testimony on the merits at the criminal trial, that the evidence now offered, even if newly discovered and even if it conclusively shows that Daley gave false testimony—which is far from the fact, is not such that would probably result in an acquittal of the defendants. Nor do we believe that without the alleged false testimony of Daley the jury might have reached a

different verdict.[3] Cf. United States v. Johnson, 7 Cir., 1945, 149 F.2d 31. Therefore, the motion for a new trial should be denied.

An appropriate order will be entered.

3. Counsel points out that when defendants were sentenced that the court agreed with Kreffka when he complained that Daley's testimony was "prejudicial" ("effective" would be a more accurate characterization); but the court was then as now of the opinion that the conviction was proper and so informed the defendants.