**DISTRICT OF COLUMBIA, Appellant,**

v.

**NAVE TYPOGRAPHIC CORPORATION,
Appellee.**

No. 4303.

District of Columbia Court of Appeals.

Argued July 31, 1967.

Decided Oct. 18, 1967.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Daniel C. Eberly, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

On December 2, 1966, appellee was convicted of violating a safety regulation and sentencing was set for December 12. On December 9 appellee filed a motion for arrest of judgment or in the alternative for a new trial. On December 12 the motion was heard and denied, and imposition of sentence was suspended. On December 16 the trial court granted appellee's oral motion to extend the time for filing a motion for a new trial on the ground of newly discovered evidence to December 22. On December 22 such a motion was filed, and it was granted on February 6, 1967. The government has appealed, asserting that the grant of the new trial was beyond the jurisdiction of the trial court.

The government's contention is based upon the trial court's Criminal Rule 21(a), which provides: "Every motion for a new trial or an arrest of judgment must be * * * filed * * * within 5 days after said judgment or verdict."

The government argues that neither the above rule nor any other rule permits the filing of successive motions for new trial, and that after the first motion for new trial was denied, the court lacked jurisdiction to hear and grant the second one. This argument overlooks the difference between the general or usual motion for a new trial and a motion based upon newly discovered evidence. The first usually asserts some error occurring at trial; whereas the second "is designed to afford relief where despite the fair conduct of the trial, it later clearly appears to the trial judge that because of facts unknown at the time of trial, substantial justice was not

done." United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562 (1946). Thus the rule that the denial of a motion for new trial is res judicata as to a second motion advancing the same grounds,[1] does not apply where the first motion asserts errors occurring at trial and the second claims newly discovered evidence.

However, the government argues that the trial court's rule makes no distinction between motions for new trial regardless of the basis for such motion, and that any motion for new trial must be filed within the five day limitation. Appellee suggests that the cited rule has no application to a motion based on newly discovered evidence. Some support for this suggestion is found in the trial court's civil rules. Civil Rule 59(b) provides that a motion for a new trial shall be filed within 4 days after the entry of the finding or verdict, but Rule 60(b) permits a motion for relief based on newly discovered evidence to be filed within a reasonable time not exceeding three months. It would hardly seem that the trial court intended that a civil litigant would have a maximum of three months in which to seek relief because of newly discovered evidence and that a defendant in a criminal case should have only five days in which to seek such relief. If such was intended, then would the court be powerless to give relief to a defendant in a criminal case who in the exercise of due diligence was not able to discover the new evidence until ten, fifteen or twenty days after judgment?

It may be noted that Federal Rule of Civil Procedure 60(b) allows a maximum of one year for a motion based on newly discovered evidence and Federal Rule of Criminal Procedure 33 allows a maximum time of two years. While neither the Federal Rules of Civil Procedure nor of Criminal Procedure are directly applicable in the trial court, which has its own rules patterned after but not identical with the Federal rules, it is interesting to note that in Brodie v. United States, 111 U.S.App.D.C.

170, 173, 295 F.2d 157, 160 (1961), a criminal case arising in the Municipal Court (now the Court of General Sessions), the United States Court of Appeals discussed the Federal rule relating to motions for new trial and concluded that "the sound judicial policy underlying Rule 33 in its application to the District Courts is one which should also govern consideration of new trials in criminal cases, made within five days in the Municipal Court."

All these considerations lead us to the conclusion that the trial court's Criminal Rule 21 in failing to specifically refer to a motion for new trial on newly discovered evidence did not intend to include such a motion in its time limitation, and that such a motion may be filed within a reasonable time upon a showing of due diligence.

Affirmed.

1. Saunders v. United States, 89 U.S.App.D.C. 291, 192 F.2d 409 (1951).