STATE OF MINNESOTA v. W. D. RUSSELL and Another.[1]

October 29, 1897.

Nos. 10,844—(21).

**District Court—Jurisdiction Over Misdemeanors—State v. Kobe, 26 Minn. 148, Followed.**

State v. Kobe, 26 Minn. 148, followed, to the effect that the district court has jurisdiction to indict for a misdemeanor, even though the statute gives a justice of the peace jurisdiction of the offense.

**Same—Jurisdiction of Municipal Courts.**

Laws 1895, c. 229, § 2, gives to the municipal courts provided for in that chapter "exclusive jurisdiction to hear all criminal complaints * * * in criminal cases * * * heretofore cognizable before a justice of the peace." *Held,* this was intended to make the jurisdiction of such municipal courts exclusive of justice courts, but not exclusive of the district courts.

**Indictment—Keeping Saloon Open at Night—Place.**

*Held,* the words "said place," in the indictment, refer to the preceding words "that certain place," and not to the building or the name of the town hereinbefore mentioned.

**Same—Negativing Exception.**

The indictment charges the defendants with keeping open after eleven o'clock at night their licensed saloon in a certain room, in a certain building. For the purpose of negativing an exception in the enacting clause of the statute, it states that the room is not an hotel, but it does not state

[1] Reported in 72 N. W. 832.

that the building is not an hotel. *Held* sufficient, as it does not appear in the indictment that defendants owned or controlled the rest of the building, or carried on any business in the same, and it is not necessary that it should appear whether they did so or not.

Case certified to the supreme court from the district court for Polk county, Ives, J., at the request of defendants, to determine the sufficiency of an indictment. Remanded.

*H. W. Childs* and *George B. Edgerton,* for the State.

*H. Steenerson,* for defendants.

CANTY, J.

The defendants were indicted under G. S. 1894, §§ 2012, 2013, for keeping their licensed saloon open after eleven o'clock at night. They demurred to the indictment, on the ground that it does not state a public offense. The demurrer was overruled, and the case was certified to this court.

1. Section 2014 provides that justices of the peace shall have jurisdiction to enforce the provisions of the two preceding sections, and counsel for defendants contends that justices of the peace have exclusive jurisdiction, and that the crime is not indictable in the district court. This point is disposed of adversely to defendants in State v. Kobe, 26 Minn. 148, 1 N. W. 1054. It is not, as counsel contends, necessary that the statute should label their crime a misdemeanor in order to make it such.

2. There is a municipal court established in East Grand Forks, where the crime is alleged to have been committed; and Laws 1895, c. 229, § 2, gives that court "exclusive jurisdiction to hear all criminal complaints and conduct all examinations and trials in criminal cases arising or triable within such city heretofore cognizable before a justice of the peace." This was intended merely to make the jurisdiction of the municipal court exclusive of the justice courts in the county, not of the district court.

3. Said section 2012 reads as follows:

"All persons heretofore or that may hereafter be licensed to sell intoxicating liquors in this state, whether such license has been granted by the board of county commissioners of any county or by the officers of any city, village or town in this state, as the case may be, are hereby required to close their places of business (hotels ex-

cepted) at eleven o'clock at night, and keep the same closed until five o'clock in the morning; and it is hereby made unlawful between the hours last named for persons so licensed as aforesaid, to sell, give away or otherwise dispose of any fermented or intoxicating liquors at their said place of business."

The charging part of the indictment is as follows:

"The said W. D. Russell and Charles Dohl on the 16th day of May, 1897, at the city of East Grand Forks, in the county of Polk and state of Minnesota, did willfully, wrongfully, and unlawfully keep open after eleven o'clock at night that certain place wherein the sale of intoxicating liquors was licensed, described as follows: The front room of that certain frame building situated on lots 11 and 12 in block 8 in Grand Forks East addition to the city of East Grand Forks, in said county; the said place being then and there not an hotel, and the said W. D. Russell and Charles Dohl being then and there licensed to sell intoxicating liquors in said place, and the said place being then and there in the charge and control of said W. D. Russell and Charles Dohl."

Counsel contends that the allegations attempting to state that the licensed place kept open is not an hotel (for the purpose of negativing the exception in the statute) is not sufficient; that the word "place," in the allegation "said place being then and there not an hotel," might refer to the room or the building or the city of East Grand Forks; that all of those places are named in the indictment preceding the words "said place"; and that, therefore, the allegation is too uncertain. It seems to us that this is a very strained interpretation. The words "said place" clearly refer to the preceding words "that certain place," which, in turn, refer to the "front room."

4. Counsel contends that, if this is true, then the indictment is not sufficient, because it does not allege that the building is not an hotel. The point is not well taken. It does not appear by the indictment that the defendants owned or controlled the rest of the building, or carried on any business in the same, and it is not necessary that it should appear whether they did or not.

This disposes of all the questions raised, and the case is remanded for further proceedings in accordance with this opinion.