**SARSHIK v. SANFORD, Warden.**

No. 1920.

District Court, N. D. Georgia,
Atlanta Division.

Nov. 23, 1943.

Herman L. Sarshik, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced on September 8, 1941 in the United States District Court for the Southern District of New York to terms of three years and eight months on each of Counts 1 to 20, inclusive, to run concurrently, and a year and a day on Count 21, to run consecutively with sentences on Counts 1 to 20, inclusive, upon an indictment charging use of the mails to defraud.

Petitioner was also sentenced on the 26th day of September, 1941, in the United States District Court for the Northern District of Illinois, to a term of four years, to run concurrently with the above-mentioned sentences imposed in the Southern District of New York.

Petitioner alleges as ground for writ of habeas corpus that while in the custody of respondent he has been punished for "endeavoring through legal process to help himself in the courts;" that as a result of such treatment his health has been endangered; and that his constitutional rights have been violated "not by refusal to permit preparation and filing of this, or any other 'writ', but by a system of punishment designed to create fear and the discouragement of such applications."

Upon issuance of a rule nisi, respondent answered denying the charges alleged in the petition and averring that petitioner had not been disciplined since his commitment to the institution and that petitioner had been permitted to carry on voluminous correspondence from within the institution with various attorneys and courts unhampered by institutional management, and

denying the existence of any unjust treatment, but averring that even if the allegations alleged were true, they would constitute no ground for writ of habeas corpus.

Petitioner filed an answer to the response but did not traverse the facts alleged therein, but on the other hand, alleges that the acts complained of were not administered by respondent, but by other prison officers, and asked leave to have them present as witnesses to show that "the general prison population is not subjected to the same treatment accorded to him and others falling in the same category."

No specific facts are alleged, but merely general complaints. It will be noted, however, that he expressly states that there has been no interference with his filing or prosecuting this application for writ of habeas corpus.

■ The Circuit Court of Appeals for this circuit has held that, "The court has no power to interfere with the conduct of the prison or its discipline, but only on habeas corpus to deliver from the prison those who are illegally detained there." Platek v. Aderhold, 5 Cir., 73 F.2d 173, 175.

■ Upon consideration, the court finds that petitioner has not alleged any acts or conduct which would justify the issuance of a writ of habeas corpus, but only such as should be taken up with the Attorney General as involving the administration of the institution. The petition for writ of habeas corpus is therefore denied.