## UNITED STATES ex rel. MONDER v. RAGEN.

### No. 9052.

Circuit Court of Appeals, Seventh Circuit.

March 21, 1946.

Vernon Monder, pro se.

George F. Barrett, Atty. Gen. of Illinois, for appellee.

Before EVANS and MAJOR, Circuit Judges.

PER CURIAM.

Petitioner was found guilty- of robbery and found to be a habitual criminal in August 1940, by the Criminal Court of Cook County, and by virtue of such conviction was sentenced to twenty years in the Illinois State Penitentiary where he is now confined. He filed a petition for writ of habeas corpus in the District Court. From an order dismissing his petition, petitioner appeals. The trial judge has signed a certificate of probable cause and we are allowing the presentation of the appeal in forma pauperis.

■ Petitioner raises in his petition such questions as lack of proof beyond a reasonable doubt, prejudice of the jury by his record of previous convictions, insufficiency of the indictment and others of like vein. Such contentions are obviously not properly raised in a habeas corpus action. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L. Ed. 455; Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422.

■ Petitioner also asserts that the Illinois Habitual Criminal Act, Ill.Rev.Stat. 1945, c. 38, § 602, is in violation of the Constitution of the United States. The Illinois Supreme Court has ruled otherwise.

People v. Lawrence, 390 Ill. 499, 61 N.E.2d 361; People v. Hanke, 389 Ill. 602, 60 N.E. 2d 395; Kelly v. People, 115 Ill. 583, 4 N.E. 644, 56 Am.Rep. 184. We must follow this construction. Whitten v. Bennett, 7 Cir., 141 F.2d 295; United States v. Ragen, 7 Cir., 143 F.2d 774.

It is also apparent that petitioner has failed to show an exhaustion of his state court remedies as required by White v. Ragen, 324 U.S. 760, 65 S.Ct. 978.

The order of the District Court is affirmed.