## THORP v. CLARKE, Warden.
### Civil Action No. 590.

District Court, D. New Hampshire.
June 27, 1946.

704

No appearance for plaintiff.

Ernest R. D'Amours, Atty. Gen., for defendant.

CONNOR, District Judge.

This is a petition for writ of habeas corpus. The petitioner is at present confined in the State Prison at Concord, having been duly committed under sentence imposed by the Superior Court of New Hampshire.

The document which the petitioner has designated as a petition for writ of habeas corpus is obviously of his own draftsmanship, and is irregular, vague, and inconclusive in its form and allegations. Upon its filing, an order to show cause was issued to the defendant, Charles B. Clarke, who thereupon filed answer and motion to dismiss. · The process is available to·relieve against illegal detention, but, as near as I can ascertain, the petitioner alleges that he has been subjected to "cruel and unusual punishment" in violation, as he says, of Amendment VIII of the Constitution, and that, because of such claimed punishment to his person, the imprisonment is "null and void." Nowhere in his petition does he allege that he has been wrongfully committed or illegally detained, other than as he has indicated above.

In conformity with the procedure which has been adopted in our courts, and to avoid the useless grant of the writ, with consequent production of the prisoner and witnesses, disposal of this petition may be made upon consideration of the petition itself and the answer filed in response to the show cause order. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. They are here considered as together constituting the application for the writ. Examination of the petition and the answer discloses the following facts, about which there can be no dispute, and thus, no issue: The petitioner was indicted, tried by jury, and found guilty of murder in the first degree, with capital punishment, on April 10, 1933, in the Superior Court of Rockingham County, State of New Hampshire. . The sentence of capital punishment was commuted to life imprisonment by the Governor of the state on June 15, 1934, and the prisoner has since that date been confined in the State Prison. He appealed unsuccessfully to the Supreme Court of New Hampshire, which affirmed his conviction. Upon the face of the petition, it is plain that the petitioner is not entitled to the writ applied for. The substance of his complaint and the basis of the claimed right to the benefit of this process concern the conduct of the State Prison or its discipline. Such is not the proper object of investigation upon habeas corpus proceedings. It is not the function of this court to superintend the treatment of prisoners in the State Prison, nor has it any power to interfere with the administration or discipline thereof. Sarshik v. Sanford, 5 Cir., 142 F.2d 676; Platek·v. Aderhold, 5 Cir., 73 F.2d 173.

The petition must be dismissed, and accordingly an order to that effect will be entered.