**UNITED STATES ex rel. BOWE et al.
v. SKEEN, Warden et al.**
Civ. A. 559.

United States District Court
N. D. West Virginia, Wheeling Division.
Oct. 15, 1952.

Carl Bachmann, C. Lee Spillers, Lester Hess, and Wayne Brooks, all of Wheeling, W. Va., for petitioner.

WATKINS, District Judge.

The petitioners are nine prisoners who have been convicted and sentenced by state courts and are now serving terms in the state penitentiary. They filed a petition in this court to proceed in forma pauperis. Counsel were appointed to represent them, but because they did not choose to verify their status as paupers, they were required to pay the clerk's filing fee of $5 and the marshal's costs of serving the respondents. They paid the clerk's fee but did not pay the marshal's costs, and the respondents have therefore not been served with process. Since the filing of their petition six of the petitioners have asked to have their names dropped as petitioners and this has been done. Those who have withdrawn are Jesse Bowe, Joseph Lee Milam, Robert Clark, Charles Carroll, Ovie George Hall and George K. Vascovich.

On January 21, 1952, the clerk of this court notified each petitioner by letter that it would be necessary that the group of petitioners pay a total of $10.40 to the marshal of this court to pay the cost of serving process, which sum has not been paid.

■ While the prayer of the petition is indefinite, it would seem to ask this court to issue a writ in the nature of habeas cor-pus. The petition alleges that prison authorities (without naming any of them) have enforced unreasonable rules and regulations against them, and that they have been mistreated by prison guards and others. In Adams v. Ellis, 5 Cir., 197 F.2d 483, 485, the court said:

"As this Court has said, it is not the function of the Courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined."

■ The petition should be dismissed for the following reasons: (1) Failure of the petitioners to prosecute their action by refusing to pay the cost of serving process. (2) The writ of habeas corpus can not be used to correct alleged mistreatment by prison authorities of prisoners subject to valid judgment and commitment. In McNally v. Hill, Warden, 293 U.S. 131, 136, 55 S.Ct. 24, 26, 79 L.Ed. 238, et seq., it was pointed out that the purpose of habeas corpus is to inquire into the legality of detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail. (3) No facts are alleged in the petition which, if true, would justify the court in granting the relief asked. (4) The petitioners do not show that they have exhausted their state remedies before applying to this court to enforce their constitutional rights. As stated by this court in Pebley v. Knotts, D.C., 95 F.Supp. 283, (in which the plaintiff was the same Pebley who is now a petitioner in this case), state prisoners should exhaust their state remedies by applying to a state court to enforce their constitutional rights before applying to a federal court for such relief. Petitioners are held under judgment of the state court, and that court is charged with the duty of protecting the accused in the enjoyment of his constitutional rights equally with the federal courts. It can be assumed that the state court will enforce any right asserted under and secured to petitioners by the supreme law of the land. There is available to them in the state court adequate corrective process and no circumstances are shown which render such process ineffec-

tive to protect the right of the prisoners. As was said in Cook v. Hart, 146 U.S. 183, 195, 13 S.Ct. 40, 44, 36 L.Ed. 934, " * * * we think that comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance." The court first taking jurisdiction should retain jurisdiction until the sentence is served under rules of comity.

Title 28, § 2254, U.S.C.A., provides in part as follows:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

There is still a further reason why this petition can not be maintained. Several applicants can not join in a single petition for a writ of habeas corpus. In re Kosopud, District Court of Ohio, D.C., 272 F. 330.

Where a proceeding is doomed to futility from its inception, and cannot lawfully be maintained, it should be dismissed without requiring respondents to make return thereto.

Petition dismissed.