## SHOLTER v. CLAUDY, Warden, et al.

### Civ. A. No. 10943.

United States District Court
W. D. Pennsylvania.
Nov. 3, 1952.

No counsel.

GOURLEY, Chief Judge.

This matter comes before the Court on a petition for writ of injunction in which the petitioner, George F. Sholter, an inmate of the Western State Penitentiary, Allegheny County, Pennsylvania, by virtue of a sentence imposed by a State Court, contends that he is being denied rights given to him under the Constitution of the United States in that the outgoing and incoming

mail of the petitioner is intercepted and evaluated.

 The Court will take judicial knowledge of the records at the Western State Penitentiary. It appears that when the petitioner was first committed to said institution an authorization was given to the Warden of said Penitentiary, or his authorized representative to open and examine all letters, papers and other mail matters and all packages which may be directed to the petitioner as long as he is an inmate of said institution.

Petitioner presents the petition in forma pauperis and without the aid of legal counsel, and assuming all facts to be true which are set forth in the injunction proceeding which has been filed, the petitioner is not entitled to relief in this Court.

Under the Constitution of the United States, more particularly the Fourteenth Amendment, the government of the United States is not concerned with, nor has it power to control or regulate, the internal discipline of the penal institutions of its constituent states, and all such powers are reserved to the individual states. Siegel v. Ragen, 7 Cir., 180 F.2d 785, certiorari denied 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391, rehearing denied 340 U.S. 847, 71 S. Ct. 12, 95 L.Ed. 621.

The petition for writ of injunction is refused and an appropriate order is entered.