STATE EX REL. ROBERT J. KOALSKA v. EDWIN SWENSON.[1]

February 19, 1954.

No. 36,268.

[1]Reported in 62 N. W. (2d) 842.

*Robert J. Koalska,* pro se.

*J. A. A. Burnquist,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, for respondent.

CHRISTIANSON, JUSTICE.

Respondent moves to dismiss relator's appeal from an order of the district court for Washington county discharging a writ of habeas corpus on the ground that relator's petition does not present a case entitling petitioner to the issuance of a writ of habeas corpus.

On June 4, 1951, relator was arraigned in the district court of Ramsey county upon an information charging:

"* * * that on the 14th day of May 1951, in the City of St. Paul, Ramsey County, Minnesota, Robert J. Koalska and Donald J. Matthews committed the crime of Grand Larceny in the Second Degree as follows: The said Robert J. Koalska and Donald J. Matthews then and there being, did wrongfully, unlawfully and feloniously and with the intent then and there had and entertained by them, the said Robert J. Koalska and Donald J. Matthews to defraud one Pete Aplikowski, by color, aid and means of a check in words and figures as follows, to-wit:

'GEORGE GRIESGRABER CONSTRUCTION CO.     Number 3300
     768 Rice St.          St. Paul 3, Minn.
                           Saint Paul, Minn.  May 11, 1951   22–1
                                                             ―――
                                                             910
Pay
To The
Order of      Leonard Johnson                      $92.00
     92 * * 0 Dols 00 Cts           Dollars
                           George Griesgraber Construction Co.
THE FIRST NATIONAL BANK
     of Saint Paul, Minnesota              George Griesgraber'

obtain from the possession of said Pete Aplikowski, the following described personal property, to-wit: Cash, which said personal prop-

erty was then and there the personal property of Pete Aplikowski; but a more particular description of which said personal property, or of any of the same, being to this informant unknown; they, the said Robert J. Koalska and Donald J. Matthews then and there well knowing that they, the said Robert J. Koalska and Donald J. Matthews were not then and there entitled to order the payment of said sum of money, or any sum of money whatsoever, by said First National Bank; and they, the said Robert J. Koalska and Donald J. Matthews did, in the manner and form aforesaid, by means of said check, take, steal and carry away the said personal property, contrary to the statutes in such case made and provided and against the peace and dignity of the State of Minnesota."

On June 4, 1951, relator pleaded guilty to this charge. Thereafter, and before sentence was imposed, relator was arraigned upon two additional informations, each charging relator with a prior felony conviction. Relator "admitted the truth of two second informations charging prior felony convictions." Thereupon, and on June 4, 1951, the court, in accordance with relator's plea, adjudged him guilty of the crime of grand larceny in the second degree and two prior convictions and sentenced relator to the state prison "for a term of not less than two years and not more than ten years." Relator was committed to the state prison, and ever since November 14, 1952, he has been, and still is, confined therein under the sentence imposed June 4, 1951.

In all proceedings before the Ramsey county district court on June 4, 1951, relator was present in person and was represented by counsel, the public defender of Ramsey county. Relator never attempted to have the judgment of conviction reviewed by motion for a new trial or by removal to this court by appeal or writ of error.

On or about August 3, 1953, relator applied to the district court for Washington county for a writ of habeas corpus upon the ground that the sentencing "court did not have jurisdiction of the relator and all proceedings had were void" because "the relator was arraigned * * * upon a defective information." Relator argued in his application for the writ, as he argues here, that M. S. A. 622.06

defines the crime of grand larceny in the second degree but that the information to which he pleaded guilty fails to allege an offense under § 622.06 because that information "alleges the theft of 'cash' in no particular amount, and in no particular way, to invoke jurisdiction of M. S. A. 622.06." Relator further argued in his application for the writ, as he still argues, that the information to which he pleaded guilty charges a violation of § 622.03, and not a violation of § 622.06, and that, therefore, the Ramsey county district court did not have jurisdiction to sentence him under § 622.06.

On September 16, 1953, the district court for Washington county directed its writ of habeas corpus, returnable October 5, 1953, to the respondent. On the last-mentioned date the matter came on for hearing before the Honorable Rollin G. Johnson, one of the judges of the district court of Washington county, upon relator's said application for the writ and upon respondent's return thereto, which is on file herein. On October 26, 1953, the trial court made and filed its findings of fact and conclusions of law and ordered that the writ of habeas corpus issued on the 16th day of September 1953, be discharged and that the relator be remanded to the custody of the respondent as warden of the Minnesota state prison. It is from this order that the relator has appealed to this court.

Respondent's motion to dismiss relator's appeal is predicated upon these points:

1. The district court of Ramsey county is a court of general jurisdiction and the information in the instant case, even though technically defective, was sufficient to invoke the jurisdiction of that court; and

2. Defects in informations and indictments which do not deprive the district court of jurisdiction cannot be attacked in habeas corpus proceedings,

and is based upon the petition for the writ and all the records and files of the district court presented therewith.

From a careful examination of the petition and of the certified copies of the district court's files and records presented therewith we find that relator's petition for a writ herein does not present a

case entitling petitioner to the issuance of a writ of habeas corpus, and we cannot do better than to quote the memorandum of the trial court made a part of the order appealed from:

"Relator's principal, if not sole, claim on this application is that the information charging him with the crime of grand larceny in the second degree was fatally defective in that it failed to allege the value of the personal property alleged to have been obtained by relator by means of the check specifically described in the information and that, consequently, the District Court of Ramsey County was without jurisdiction of the subject matter of the offense for which the sentence was imposed.

"There is no merit in this claim of relator. The District Courts of this state are courts of general jurisdiction. Such courts have original jurisdiction in all civil actions within their respective districts and 'in all cases of crime committed or triable therein'. M. S. 1949, § 484.01.

"There is no question but that the Ramsey County District Court had jurisdiction of the person of relator in the proceedings here considered. Larceny in Minnesota is defined by M. S. 1949, § 622.01. M. S. 1949, §§ 622.05, 622.06, and 622.07 are but grades or degrees of the general crime of grand larceny defined by § 622.01. The information here involved alleged all the essential elements of § 622.01. The information was sufficient to invoke the jurisdiction of the District Court of Ramsey County, Minnesota, so that Court had jurisdiction of the subject matter of the cause [Agin v. Heyward, 6 Minn. 53 (110); State v. Russell, 69 Minn. 499, 72 N. W. 837; 6 Dunnell, Dig. (3 ed.) § 2759]. The only defect in the information lay in its failure to specify the particular value of the personal property alleged to have been obtained by relator by means of the check specifically described in the information. If that fact had been specifically pleaded, no possible question could be raised with reference to the sufficiency of the information here considered. That defect, however, is not a jurisdictional defect. That defect did not divest the District Court of Ramsey County of its jurisdiction, under M. S. 1949, § 484.01, to hear, try, and determine the issue on

the charge of the crime of larceny alleged in the information.[2]

"The case of *State ex rel. McDonald v. Riley*, 116 Minn. 1, 133 N. W. 86, is controlling here. In that case our Supreme Court said:

" 'It must be conceded that this complaint does not, as against a direct attack, state a public offense, in that it does not state the name (if known) of the person in reference to and in whose presence the language was used, or the language itself and its natural tendency; and, further, if this were an appeal from the judgment, it would have to be reversed. * * * It does not, however, follow from this concession that the relator was entitled to be discharged on habeas corpus, which can never be used as a substitute for an appeal or writ of error, but reaches only jurisdictional defects, which render the proceedings under which the relator is held absolutely void. *The justice in this case had jurisdiction of the person of the defendant and of the offense attempted to be charged, and the complaint, although concededly defective, was sufficient to invoke its jurisdiction.*'

"Sufficiency of the allegations of an information cannot, after judgment, be challenged in habeas corpus proceedings. See *Shaw v. Utecht*, 232 Minn. 82, 43 N. W. 2d 781, cert. den'd 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627; *State ex rel. Moriarity v. McMahon*, 69 Minn. 265, 72 N. W. 79, 38 L. R. A. 675; *State v. Rudin*, 153

---

2The jurisdiction of the Ramsey county district court under M. S. A. 484.01 is unaffected by the legislative act, Sp. L. 1889, c. 351, as amended, confirming and continuing the municipal court of the city of St. Paul. See, 27 M. S. A. c. 488, Appendix 3, § 1. Sp. L. 1889, c. 351, § 1, as amended, provides that the municipal court of the city of St. Paul "shall have exclusive jurisdiction to hear all complaints and conduct all examinations and trials in criminal cases arising or triable within the City of Saint Paul heretofore cognizable before a justice of the peace or arising under the charter ordinances, laws, regulations or by-laws of said City of Saint Paul."

This provision does not delimit or restrict the jurisdiction of the Ramsey county district court under Minn. Const. art. 6, § 5, and M. S. A. 484.01. See, State v. Russell, 69 Minn. 499, 72 N. W. 837.

Minn. 159, 189 N. W. 710; 25 Am. Jur., Habeas Corpus, § 41, and cases cited; 39 C. J. S., Habeas Corpus, § 20.[3]

"In the proceedings had in the District Court of Ramsey County the relator was present in person and was also represented thereat by counsel. The information specifically charged the relator with having committed the crime of grand larceny in the second degree. No objection was made by relator or his attorney at any stage in the proceeding in the Ramsey County District Court to the defect in the information now asserted. No demurrer was interposed, nor was any other objection raised, or attempted to be raised, by or on behalf of the relator on account of the failure of the information to allege specifically the value of the personal property obtained by relator by reason of the check described in the information. At his pre-sentence examination, before the sentence here involved was imposed, relator, upon oath, testified and admitted to the Ramsey County District Court that relator had obtained for the check described in the information the sum of $92.00. That fact, so admitted and appearing upon the face of the record before the sentencing court, established the degree of the crime of larceny which was charged in the information. Whether larceny in any particular case is of one degree or another is dependent upon a question of fact. The Ramsey County District Court had the authority in this cause to pass upon that question of fact. It did so. Implicit in the sentence imposed is the finding by the sentencing court that the crime with which the relator was charged and to which he pleaded guilty constituted the crime of grand larceny in the second degree.

"The information described the crime with which relator was charged as being grand larceny in the second degree. Relator understood that. So did the counsel. Relator pleaded guilty. He had the benefit of counsel. The defect in the complaint is one of form and not of substance. It is technical. Neither relator nor his counsel was misled by the omission. No objection was made by either to the omission. No constitutional rights of the relator have been impaired.

---

[3]To these may be added: State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813; Breeding v. Swenson, 240 Minn. 93, 97, 60 N. W. (2d) 4, 8.

He had his day in court on the charge alleged in the information. Due process was accorded to him. Neither he nor his counsel chose either to object to the defect now asserted or to pursue appellate procedure with reference thereto. There has been no denial of due process. In these circumstances, the extraordinary writ should not issue."

The decision of the trial court should be affirmed and the motion to dismiss the appeal granted.

In view of this disposition of the appeal, relator's motions with respect to the presentation of his appeal in this court need not be considered.

Appeal dismissed.

