**STATE of Minnesota, ex rel. Robert J. KOALSKA, Appellant,**

v.

**Edwin SWENSON, Warden, Minnesota State Prison, Appellee.**

**No. 15180.**

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1954.

Robert J. Koalska pro se.

J. A. A. Burnquist, Atty. Gen., for the State of Minnesota, and Charles E. Houston and Lowell J. Grady, Asst. Atty. Gen., filed brief for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

Robert J. Koalska, who is confined in the Minnesota State Prison under a judgment and sentence of the District Court of Minnesota for Ramsey County, petitioned the United States District Court on June 8, 1954, for a writ of habeas corpus, asserting that he was unlawfully detained and had exhausted his state remedies.

In answer to an order of the federal District Court directing him to show cause why a writ should not issue, the respondent, Warden of the State Prison,

on June 26, 1954, filed his answer, in which he stated:

"That the District Court of Ramsey County, Minnesota, is a court of general jurisdiction, and at a general term thereof, held on the 4th day of June, 1951, an information by the county attorney of Ramsey County, Minnesota, was filed in such court charging Robert J. Koalska, the petitioner herein, with the crime of Grand Larceny in the Second Degree; and on that day Robert J. Koalska was duly arraigned in that court and entered a plea of guilty to such charge, whereupon the court, in accordance with such plea, adjudged him guilty of the offense as charged; and on that day Robert J. Koalska aforesaid, was also arraigned on the information of such county attorney, charging him with having been on two previous occasions convicted of other felonies in the State of Minnesota, and he entered a plea of guilty and admitted the truth of the charge of such two prior convictions of other felonies, whereupon the court, the Honorable Arthur A. Stewart, Judge presiding, in accordance with such plea of guilty on the charge of Grand Larceny in the Second Degree and Two Previous Felony Convictions, pronounced sentence as follows:

"It is the sentence of the Court that you be confined in the state penitentiary for men located in Washington County, Minnesota, at hard labor pursuant to law for a term of not less than two years and not more than ten years."

"Thereupon, on the same day, a Warrant of Commitment was duly issued out of and under the seal of the District Court of Ramsey County, Minnesota, directed to the Sheriff of Ramsey County aforesaid, and to the Warden of the Minnesota State Prison at Stillwater, Minnesota, commanding the Sheriff to forthwith convey and deliver into the custody of the Warden aforesaid, the body of the defendant in that case, Robert J. Koalska, and commanded the Warden aforesaid to receive the body of such defendant, Robert J. Koalska, into his custody and keeping in such prison and to him therein safely keep until he shall have been thence discharged by due course of law or by competent authority."

A copy of the judgment and sentence and a copy of the warrant of commitment to the State Prison were attached to the answer.

The federal District Court on July 20, 1954, D.C., 122 F.Supp. 228, entered an order denying Koalska's petition and discharging the order to show cause. The Court subsequently denied a petition for rehearing, but certified that there was probable cause for an appeal in forma pauperis and directed its Clerk to prepare the record without expense to the petitioner. This appeal from the order denying the petition for the writ followed.

The ground upon which the District Court denied the petition for the writ was that Koalska had not exhausted his state remedies, since, shortly before he filed his petition in federal court, the state District Court for Washington County, Minnesota, had entered an order denying what was apparently his fifth petition for release on habeas corpus, and he had not appealed from that order to the Supreme Court of Minnesota.

The record on appeal shows that on June 2, 1954, the state District Court for Washington County denied a petition for a writ of habeas corpus filed by Koalska on April 14, 1954, asserting the illegality of his confinement for the same reasons stated in his petition in the federal court. These reasons have to do with prison administration and release procedures. There is nothing to indicate that any appeal to the Supreme Court of Minnesota was taken from the order of the state District Court entered on June 2, 1954, although an appeal from an order denying

an earlier petition based on different grounds had been appealed to and sustained by the Supreme Court of Minnesota, State ex rel. Koalska v. Swenson, Minn., 62 N.W.2d 842, certiorari denied 347 U.S. 963, 74 S.Ct. 713.

■ It is apparent that, despite the multiplicity of petitions filed by Koalska in state court challenging the validity of his detention, the federal court was correct in ruling that he had not exhausted his state remedies with respect to the issues raised by his present petition. Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791; Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572.

■■ But it is apparent that, even if Koalska had exhausted his state remedies, the federal court could have done nothing for him. The record on appeal, instead of showing that Koalska's detention is unlawful, indicates that he was lawfully convicted, sentenced and committed, and demonstrates conclusively that in the proceedings culminating in his incarceration no right secured to him by the Constitution and laws of the United States was invaded or ignored. It is only where fundamental federal rights clearly have been invaded that a federal court can interfere with the administration of the criminal laws of a state.

We think the only mistake that was made by the federal District Court in this case was in permitting Koalska to appeal in forma pauperis. It is a mistaken kindness to permit such appeals in such cases. In Higgins v. Steele, 8 Cir., 195 F.2d 366, 369, we said:

"* * * While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."

The order appealed from is affirmed.