William A. WETZEL, Appellant,

v.

William HARPOLE, Superintendent, Mississippi State Penitentiary, Parchman, Sunflower County, Mississippi, et al., Appellees.

No. 16553.

United States Court of Appeals Fifth Circuit.

May 29, 1957.

Howard A. McDonnell, Biloxi, Miss., for appellant.

Joe T. Patterson, Atty. Gen., J. R. Griffin, Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

William A. Wetzel, petitioner below, filed in the District Court for the Northern District of Mississippi a petition for a writ of habeas corpus to secure his release from custody under a sentence imposing the death penalty on him for the alleged murder of one Edgar G. McGraw. In his petition he alleged: (1) that he was wrongfully and illegally convicted, in violation of his constitutional rights under the Fourteenth Amendment, by the knowing use of perjured testimony and the suppression of evidence favorable to his defense; and (2) that he was being confined and punished by virtue of ex post facto legislation in the maximum security cell block at the Mississippi State Penitentiary while awaiting execution, and was there subjected to punishment and treatment to which

under the original sentence he could not be subjected.

An order to show cause was issued and an answer was filed denying petitioner's allegations, and alleging: that petitioner's claims were unfounded; and that they had been fully litigated and determined against him by the Supreme Court of Mississippi, with a writ of certiorari denied by the Supreme Court of the United States.

After a full hearing on the issues joined, at which petitioner was furnished every opportunity to present his case fully in support of his claims, both on the facts and on the law, the district judge denied and dismissed the petition and entered an order accordingly, stating in open court:

"This Court does not sit on this case to pass on the guilt or innocence of the petitioner in this case.

"I am called on to pass on two questions, and two alone. One, whether or not he has been deprived of any rights guaranteed him by the Constitution of the United States. First, the right not to be convicted by perjured testimony knowingly used by the prosecution, and second, not to be convicted and punished under a law which is ex post facto.

"It was alleged, and in one sense of the word, it is apparently true that this is the first time he ever had an opportunity to present evidence on these questions. Now, on the first question, which is a factual situation, as to whether or not he was convicted by perjured testimony knowingly used by the officials of the State of Mississippi, proof as to that falls absolutely blank with respect to that charge. There is no evidence on which this Court should make any such finding, and find the evidence does not warrant such a conclusion.

"On the legal question which is involved in this case, it is a somewhat closer question. I have the greatest respect for the Honorable Harvey McGehee and Justice Billy Roberts' opinion, and it is an interesting opinion and has some logic to it. However, I must obviously find more logic in the opinion of the majority of the Mississippi Supreme Court, and I also think probably there is a good deal in this case that is Res Judicata, but I am not so holding, I am basing my opinion on the theory that what I have heard here today, and I do not think, either from the factual situation or from the question on the legal proposition, that the petitioner is entitled to the relief sought, and the petition would be denied."

Thereafter petitioner sought the issuance of a certificate of probable cause for an appeal to this court, and the district judge granted the certificate in these terms:

"Order Granting Writ of Probable Cause

"The Court:

"The Court, having denied the petitioner the relief sought in this case, is now asked to grant an appeal on a certificate of probable cause.

"I cannot say there is any probable cause for an appeal in respect to the contention that the petitioner was convicted on perjured testimony knowingly used by the State.

"I do think that on the legal question raised with respect to whether this situation was brought about by the use of an ex post facto law is a rather serious question, two Justices of the Mississippi Supreme Court having filed dissenting opinions, very able opinions, and certain cases in re Medley from the Supreme Court of the United States being cited. My judgment is that the Medley case does not apply, and my judgment is that the opinion of the majority of the Mississippi Supreme Court is the better argument in which I join, but I am of the opinion that there is some reasonable doubt about it, some reasonable doubt about the construction; therefore, I think this petitioner is entitled to some reasonable doubt on that legal question, but not any at all on the question of whether or

not he was convicted on perjured testimony, because, in my judgment, he makes no showing at all on that phase of it."

Appealing from the order, petitioner is here urging that both his grounds for the writ:

(1) that he was convicted by the knowing use of perjured testimony; and

(2) that he was being punished by virtue of ex post facto legislation in that his punishment was increased and enhanced to his detriment while awaiting execution.

were well taken in law and in fact and both of them entitled him to the relief sought. Devoting only a small portion of his brief to a discussion of the facts and the law relating to the first ground, he devotes the greater part of it to the second ground, placing his particular reliance on Ex parte Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835, and on the opinions of the dissenting judges of the Supreme Court of Mississippi in Wetzel v. Wiggins, Miss., 85 So.2d 469, at pages 474–478.

Insisting: That there is no evidence in the record to justify a finding that the appellant was convicted by the use of perjured testimony; and that the district judge was correct in so finding and adjudging; the respondent, in addition to summing up the evidence and finding it wanting, in support of his claim, confidently invites our study and scrutiny of the record.

Upon the second point, setting out in his brief the applicable Mississippi statutes and stoutly relying on the decision of the Supreme Court of Mississippi in the Wetzel case, supra, and on Rooney v. State of North Dakota, 196 U.S. 319, 25 S.Ct. 264, 49 L.Ed. 494, upon which the Supreme Court of Mississippi itself relied, the respondent, with equal confidence, urges upon us that the judgment of the district court was right throughout and must stand.

■ We agree that this is so. As to the first claim, that petitioner was railroaded to his death sentence by the use of perjured testimony, a reading of the evidence in this record, including the testimony of petitioner himself, leaves us with the firm conviction that the district judge was warranted in holding as he did that no evidence in support of the claim was offered, indeed, that such evidence was completely wanting.

Petitioner's case as to this contention seems to proceed upon the premise that since he was convicted of killing a fellow convict upon testimony of fellow convicts, a prima facie presumption of an error arises in his favor so that the burden was not upon him to overthrow, but upon the state to sustain, a conviction duly arrived at in the trial court and duly affirmed in the Supreme Court of Mississippi.

When it comes to appellant's second point, we find ourselves in full agreement with the position taken in the brief of the respondent and in the opinion of the Supreme Court of Mississippi in the Wetzel case supra, that the Medley case on which appellant places his reliance is not in point, while the Rooney case is, and that his claim, that, because of the facts alleged by him, his conviction and sentence should be set aside and he should go scot free of the charge, is strained and without substance.

■ Because, in its thorough and well reasoned opinion, the Supreme Court of Mississippi has carefully canvassed and considered and has correctly dealt, in the light of the record and the controlling principles of law, with appellant's second contention that, because of the matters and things he complains of, as a result of being lodged in the maximum security cell block in the penitentiary with its greater restrictions including witnessing and in effect sharing the anguish of nine condemned men who have been executed in the lethal gas chamber, his conviction for murder and the sentence of death imposed upon him therefore should be vacated and set aside and he should be free, we will not repeat here the reasons given and the conclu-

sions reached by that court. We will content ourselves with saying that we agree with that decision and the reasons given for it, and that in our opinion the contention is unmeritorious, indeed frivolous.

Finding no error in the proceedings from which this appeal comes, the judgment is affirmed.