**Petition of Norman BRABSON For a Writ of Habeas Corpus.**

United States District Court S. D. New York.

Nov. 28, 1958.

Norman Brabson, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Allan N. Smiley, New York City, of counsel, for respondent.

BICKS, District Judge.

This is an application by Norman Brabson, an inmate of the Manhattan House of Detention, a non-federal penal institution, for a writ of habeas corpus and for leave to proceed in forma pauperis.

For the purpose of the application *sub judice*, the petition of this incarcerated layman, obviously drawn without the assistance of counsel, will be interpreted most liberally[1] and the allegations therein will be assumed to be true.[2] His averments are as follows: that while in the above-mentioned house of detention in 1953 (many years after his conviction in the New York State courts), he was "murderously assaulted", kept naked in solitary confinement for 10 days, "beaten to a pulp, bones broken", denied access to counsel, the District Attorney, and medication, and when transferred to another penal institution, his monies and private possessions of a value of $200 were not returned to him; that after his return to the said house of detention on July 30, 1958, his incoming and outgoing mail has been "suppressed"; that such acts are a "continuation of the brutalities" inflicted upon him in 1953 by these same authorities; that he has been threatened with bodily harm if he continues to air his grievances; that he was denied medical assistance for his failing vision; and that he was otherwise mistreated and subjected to cruel and unusual punishment while an inmate of said institution. To be noted is that all the acts complained of took place years after his conviction and that petitioner nowhere challenges the validity of the New York State criminal proceedings and judgment of conviction pursuant to which he is presently incarcerated.

There appears to be a conflict of authority as to whether the writ of habeas corpus may be availed of to bring up for review, alleged post-conviction mistreatment by prison authorities of a prisoner who is confined pursuant to a valid judgment and sentence of a court of competent jurisdiction. Most of the cases treating with this question have given a

---

1. See, e. g., State of Oregon ex rel. Sherwood v. Gladden, 9 Cir., 1957, 240 F.2d 910.

2. In addition to his verified application, the petitioner submitted an unverified reply to the affidavit in opposition of the Attorney General of the State of New York.

Although the Court would be justified in disregarding petitioner's unverified factual allegations, 28 U.S.C.A. § 2242; Kemmerer v. Benson, 6 Cir., 165 F.2d 702, certiorari denied 1948, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772, they will be considered here.

negative answer, the rationale thereof being that it is not for the courts to supervise the discipline of prisoners or the administration of penal institutions and that, in any event, habeas corpus is not available to secure judicial decision of any question which, even if determined in favor of the prisoner, would not result in his release. See Wetzel v. Harpole, 5 Cir., 244 F.2d 695, certiorari denied 1957, 355 U.S. 848, 78 S.Ct. 73, 2 L.Ed.2d 57; Henson v. Welch, 4 Cir., 1952, 199 F.2d 367; Adams v. Ellis, 5 Cir., 1952, 197 F.2d 483; Williams v. Steele, 8 Cir., 194 F.2d 32, 917, certiorari denied 1952, 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640; Sanders v. United States, 4 Cir., 1950, 183 F.2d 748, certiorari denied 1951, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665 (involving an application under 28 U.S.C.A. § 2255); Kemmerer v. Benson, supra; Hodge v. Heinze, D.C.N.D.Cal.1958, 165 F.Supp. 726; State ex rel. Koalska v. Swenson, D.C.D.Minn., 122 F.Supp. 228, note 3, affirmed 8 Cir., 1954, 217 F.2d 66; Sholter v. Claudy, D.C.W.D.Pa.1952, 108 F.Supp. 215; United States ex rel. Bowe v. Skeen, D.C.N.D.W.Va.1952, 107 F. Supp. 879; Lowe v. Hiatt, D.C.M.D.Pa. 1948, 77 F.Supp. 303; Thorp v. Clarke, D.C.D.N.H.1946, 67 F.Supp. 703; Sarshik v. Sanford, D.C.N.D.Ga.1943, 53 F.Supp. 425, affirmed 5 Cir., 1944, 142 F.2d 676. Cf. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Platek v. Aderhold, 5 Cir., 1934, 73 F.2d 173.

The courts which have taken a contrary position are of the view that the Federal Courts, in a habeas corpus proceeding, should inquire whether the prisoner has been subjected post conviction to cruel and unusual punishment even though his conviction and commitment were lawful. See Johnson v. Dye, 3 Cir., 175 F.2d 250, reversed on other grounds, 1949, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530; Coffin v. Reichard, 6 Cir., 1944, 143 F.2d 443, 155 A.L.R. 143; Thompson v. Cavell, D.C.W.D.Pa.1957, 158 F.Supp. 19. They reason that, under 28 U.S.C.A. § 2243, the Court is not lim-ited to a simple remand or discharge of the prisoner, but may "dispose of the matter as law and justice require" and therefore, can remand with appropriate directions regarding protection of the prisoner's civil rights. See also Commonwealth ex rel. Thompson v. Day, 1956, 182 Pa.Super. 644, 128 A.2d 133.

█ It *is* clear, however, that in our Federal system the petitioner must first exhaust his state remedies before Federal intervention. 28 U.S.C.A. § 2254. A state prisoner who attacks the validity of the judicial proceedings and the judgment of conviction pursuant to which he is incarcerated must first give the state courts an opportunity to correct any Federal violations. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Cuomo v. Fay, 2 Cir., 1958, 257 F.2d 438. A sense of comity and due regard for state jurisdiction also demand that a prisoner who complains of ill treatment in a state penal institution likewise exhaust his state remedies before a federal court will entertain his application for a writ of habeas corpus, assuming, arguendo, that this question may be considered in such a proceeding. See Sweeney v. Woodall, 1952, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114; Johnson v. Dye, 1949, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530, reversing 3 Cir., 1949, 175 F.2d 250; Kelly v. Dowd, 7 Cir., 140 F.2d 81, certiorari denied 1944, 321 U.S. 783, 64 S.Ct. 639, 88 L.Ed. 1075; Thompson v. Cavell, supra; State ex rel. Koalska v. Swenson, supra; United States ex rel. Bowe v. Skeen, supra.

█ Since petitioner has failed to show that he exhausted his state remedies or that special circumstances exist which make exhaustion unnecessary, the application for a writ of habeas corpus and for leave to proceed in forma pauperis must be, and is, dismissed. United States ex rel. Cuomo v. Fay, supra, 257 F.2d at page 442, and cases there cited.

The Clerk of this Court is directed to transmit a copy of this opinion to the defendant at the institution in which he is confined.