Raymond Henry ATWELL, Appellant,

v.

STATE OF ARKANSAS, Appellee.

No. 19921.

United States Court of Appeals,
Eighth Circuit.

May 21, 1970.

Paul L. Giuffre, of Warner, Warner, Ragon & Smith, Fort Smith, Ark., for appellant.

Joe Purcell, Atty. Gen. of Arkansas, Little Rock, Ark., and Don Langston, Deputy Atty. Gen., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

GIBSON, Circuit Judge.

Petitioner is a state prisoner serving a 10-year sentence for sodomy imposed after conviction by a jury in the Arkansas Circuit Court. The judgment of conviction was affirmed upon appeal. 244 Ark. 739, 427 S.W.2d 1 (1968). Petitioner filed a premature petition for habeas corpus in the United States District Court for the Western District of Arkansas but later exhausted his state remedies so as to qualify for a collateral review of his claims in the federal district court.

An evidentiary hearing was held by Judge Paul X. Williams with the petitioner represented by appointed counsel. The District Court denied relief and refused a certificate of probable cause but an administrative panel of our Court granted a certificate and appointed counsel.

The allegations of error raised here are the same as several of those presented to the Arkansas court. They are: (1) illegal arrest, the arrest being without warrant or probable cause; (2) illegal interrogation at the police station, where petitioner asserts he was questioned without being advised of his constitutional rights and refused assistance of counsel upon request (an admission of guilt was obtained during this interrogation, which petitioner claims should not have been received in evidence); (3) state trial court error in admitting into evidence the fact that petitioner had received a prior sentence for forcible rape; petitioner argues the admission of evidence showing that he had received a life sentence for forcible rape was highly prejudicial and its admission deprived him of a fair trial.

## ARREST AND CONFESSION

■ In a pretrial motion in the state court petitioner raised the issue of the legality of his arrest and sought to suppress his confession. The facts of the arrest and confession were as follows: on August 27, 1967, the prosecuting witness, who was a former son-in-law of the petitioner, ran down a street, flagged down a police officer and told the officer that the petitioner had just forced him to commit sodomy. The officer, accompanied by the victim, went immediately to the petitioner's trailer and confronted him with the accusation. Petitioner denied it but agreed to go to the police station to get the matter straightened out.

The trial court found probable cause for the arrest which finding was affirmed on appeal by the Arkansas Supreme Court and also approved by an independent finding by the federal district court in this proceeding. We agree that there was probable cause for the arrest.

■ While the petitioner contends otherwise, the record contains substantial evidence showing that the petitioner was given the *Miranda* warnings, that petitioner stated he did not want counsel and that he voluntarily confessed after a relatively short interrogation of some 20 to 30 minutes. One of the police officers present was petitioner's brother. The state trial court found that petitioner's constitutional rights were not violated with respect to the confession and denied the motion to suppress. This finding was also affirmed on appeal by the Arkansas Supreme Court. The District Court made an independent finding that petitioner was afforded a full and fair hearing in the state court, that the merits of the factual dispute were properly resolved and properly considered on review by the Arkansas Supreme Court, and further found the factual findings of the state court were fairly supported by the transcript of the state proceedings and that petitioner was represented by competent counsel in those proceedings. The state court findings are supported by the District Court's independent findings, including those that current constitutional principles were considered and observed, that there was no denial of petitioner's constitutional rights in regard to the *Miranda* warnings, that petitioner did not request but refused counsel and that his confession was voluntary. We

think these findings are supported by substantial evidence and are not clearly erroneous.

## EVIDENCE OF PRIOR CONVICTION

Prior to the incident here charged petitioner had served time in the Arkansas State Penitentiary on a life sentence for forcible rape. He was on parole at the time of the incident in question. Petitioner's counsel in the trial court told the jurors on voir dire and in his opening statement that petitioner had been in the penitentiary and then as a trial tactic claimed that the victim because of in-law difficulty with petitioner wanted to send petitioner back to the penitentiary. At the trial during the re-direct examination of the victim the prosecuting attorney sought to show that the victim was afraid of petitioner and asked whether the victim knew what the petitioner had been in the penitentiary for and if the victim knew what the petitioner's life sentence was for. On objection the trial court permitted this line of questioning "To let the State [show] whether or not the witness had any grounds for apprehension from" petitioner, and cautioned the jury this evidence was to be considered solely for that purpose. The victim testified he knew petitioner had received a life sentence for forcible rape and further that petitioner had forced him to commit oral sodomy, threatening to kill him if he did not and that he was afraid the petitioner would kill him if he did not do it.

■ The Arkansas Supreme Court held the testimony was competent as it tended to show that the prosecuting witness participated in the crime from fear and, therefore, was not an accomplice. This finding was made despite the fact the issue was not properly raised on ap-

peal since no exceptions were noted at the trial.[1]

The District Court found the petitioner's trial counsel had mentioned the prior conviction as a part of his trial tactics and held, "There was no violation of petitioner's constitutional rights by permitting evidence to be introduced concerning a prior rape conviction when the same had been injected into evidence by petitioner's own attorney and the State Trial Court gave a proper precautionary instruction."

■■ Despite petitioner's contention that the crime charged did not involve an element of fear or threat of violence we think the evidence did have admissibility to show that the victim was not an accomplice.[2]

■ The general rule is that evidence of past crimes is inadmissible and incompetent for the purpose of showing commission of the particular crime charged unless the prior conviction is an element of or is legally connected with the crime for which the accused is on trial. Bowie v. United States, 345 F.2d 605 (9th Cir. 1965); Edwards v. United States, 333 F.2d 588 (8th Cir. 1964); Schwab v. United States, 327 F.2d 11 (8th Cir. 1964).

■ But recognized exceptions to the rule are that such evidence "is usually competent and admissible to prove the accused's identity, knowledge, intent and motive, to show a common criminal scheme or plan, and in negation of the likelihood that the crime was committed as a result of inadvertence, accident, or mistake." 29 Am.Jur.2d, Evidence § 321 (1967).

We therefore think that under the generally recognized rules of evidence if the evidence of the prior conviction has substantial relevancy for the purpose of

1. In Arkansas in the prosecution of less than a capital offense it is necessary that both an objection and an exception be noted to an adverse ruling to preserve a point for review on appeal. Stockton v. State, 239 Ark. 228, 388 S.W.2d 382 (1965); Hardaway v. State, 237 Ark. 966, 377 S.W.2d 813 (1964); Hicks v.

State, 225 Ark. 916, 287 S.W.2d 12 (1956).

2. Under Arkansas law an accomplice's testimony must be corroborated. Hummel v. State, 210 Ark. 471, 196 S.W.2d 594 (1946).  ;

negating the accomplice argument, it would not be rendered inadmissible. There is an additional factor of the petitioner voluntarily injecting this element in the case as a defense tactic though the injection was not as full or complete as was brought out by the State in the interrogation of the victim.

The question of admissibility of evidence usually is a matter of state law and procedure and does not involve federal constitutional issues. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960), cert. denied, 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738; United States ex rel. Monder v. Ragen, 154 F.2d 290 (7th Cir. 1946). And ordinarily habeas corpus being a collateral attack is not considered to be a proper remedy for correcting errors in trial procedure. Durham v. Haynes, 368 F.2d 989 (8th Cir. 1966), cert. denied, 390 U.S. 959, 88 S.Ct. 1054, 19 L.Ed.2d 1154 (1968); Wilson v. Nebraska, 316 F.2d 84, 86 (8th Cir. 1963); United States v. Sobell, 314 F.2d 314, 324 (2d Cir. 1963), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077. It is only where the trial errors or irregularities infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus proceeding. Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); United States ex rel. Cannon v. Maroney, 373 F.2d 908 (3d Cir. 1967); Grundler v. North Carolina, 283 F.2d at 802; State ex rel. Koalska v. Swenson, 217 F.2d 66 (8th Cir. 1954), cert. denied, 347 U.S. 963, 74 S.Ct. 713, 98 L.Ed. 1106.

We think the remarks made by the Supreme Court in Spencer v. Texas, 385 U.S. 554, 562–564, 87 S.Ct. 648, 652–653, 17 L.Ed.2d 606 (1967), though made in a different context, have significance in assessing the petitioner's claim of error and prejudice:

"This general survey sufficiently indicates that the law of evidence, which has been chiefly developed by the States, has evolved a set of rules designed to reconcile the possibility that this type of information will have some prejudicial effect with the admitted usefulness it has as a factor to be considered by the jury for any one of a large number of valid purposes. * * * To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence. [Citations omitted]

\* \* \* \* \* \*

"Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial. But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." (Citations omitted)

The petitioner in a plenary hearing received full consideration of his claims. The District Court's factual findings are supported by substantial evidence and correct constitutional principles were applied in denying relief to the petitioner.

Judgment affirmed.