Jack William **DUPREE**, Petitioner,

v.

Donald W. **WYRICK**, Warden, etc., Respondent.

No. 76–371C(2).

United States District Court, E. D. Mo.

May 25, 1976.

---

Jack William Dupree, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM

REGAN, District Judge.

Petitioner, convicted in the Circuit Court of the City of St. Louis of murder in the first degree and serving a sentence of life imprisonment, seeks habeas corpus relief. The conviction was affirmed by the Missouri Supreme Court. *State v. Dupree,* 477 S.W.2d 129 (Mo.1973).

The petition for the writ alleges three grounds therefor: (1) Alleged error in submitting the case to the jury on the theory the murder was committed during an attempted robbery, (2) Alleged error in admitting evidence tending to show a conspiracy between petitioner and the other alleged participant in the offense, (3) An alleged conspiracy between the prosecutor and petitioner's trial counsel to convict petitioner and to see to it that he received a life sentence.

The state court records filed in response to our order to show cause make it abundantly clear that the third ground of the petition has never been presented to or ruled by the state courts. Admittedly, petitioner has not filed a motion to vacate sentence pursuant to Missouri Supreme Court Rule 27.26, the Missouri post-conviction remedy. Only the other two grounds of the petition were raised in petitioner's direct appeal and ruled adversely to him by the Missouri Supreme Court. Hence, having failed to afford the Missouri courts the opportunity to pass upon the third ground, in spite of the adequate state remedy available to him with respect thereto, we will not consider the point.

As for the other two grounds, we have carefully read the trial transcript, the briefs on appeal and the opinion of the Missouri Supreme Court, and find no violation of petitioner's constitutional rights. The evidence is fairly summarized in the reported opinion of the Missouri Supreme Court and need not here be set forth.

With respect to its sufficiency to support a felony-murder conviction, we are in accord with the decision of the Missouri Supreme Court that the jury could reasonably find (as it did) from petitioner's words and actions that his purpose was to perpetrate a robbery and that he murdered the deceased in that attempt.

It is, of course, well-settled that the sufficiency of the evidence to support a state conviction may not be considered in a federal habeas corpus proceeding unless there is a *total* absence of evidence to support the conviction, thereby depriving the defendant of due process of law in contravention of the Fourteenth Amendment to the Constitution. *Cunha v. Brewer,* 511 F.2d 894, 898 (8 Cir.1975). The instant case presents no such due process issue.

As for petitioner's second contention relating to the admission of evidence pertaining to the other participant in the crime, we agree with the ruling of the Missouri Supreme Court that the evidence complained of, principally the proof of the associate's fingerprints on canned goods gathered by both, also involved activities of petitioner and tended to support the identity of petitioner as the killer. More impor-

tantly, for habeas corpus purposes, the alleged error in admitting the evidence is a matter of state law which does not involve a federal constitutional issue. *Atwell v. Arkansas,* 8 Cir., 426 F.2d 912, 915. We find no denial of due process in the admission of the evidence.

It follows from the foregoing that petitioner is not entitled to a writ of habeas corpus. An order will be entered denying the petition.